489 So.2d 15 (1986)
Tommy S. GROOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 68845.
Supreme Court of Florida.
June 3, 1986.
*16 Larry Helm Spalding, Capital Collateral Representative, Mark Evan Olive, Litigation Director, Michael A. Mello, Asst. Capital Collateral Representative, (David Adam Reiser, of counsel), Office of the Capital Collateral Representative, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Andrea Smith Hillyer and Mark C. Menser, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Tommy S. Groover, was convicted of three counts of first-degree murder and was sentenced to death on two counts and to life imprisonment on the remaining count. This Court affirmed the convictions and sentences. Groover v. State, 458 So.2d 226 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 1877, 85 L.Ed.2d 169 (1985). Appellant's motion to vacate judgment and sentence and his application for a stay of execution before the trial court, pursuant to Florida Rule of Criminal Procedure 3.850, were denied without an evidentiary hearing. Appellant seeks review of that denial and petitions this Court for a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons which follow, we grant the stay of execution and remand to the trial court for an evidentiary hearing.
Appellant raises fourteen claims, most of which warrant only brief mention. Claim II and claim XI involve the use of appellant's statements at trial, an issue which was fully litigated during trial and on direct appeal before this Court, 458 So.2d at 228, and is therefore not cognizable here. Claims VII and XIII allege prosecutorial vindictiveness arising from the state proceeding to trial and seeking the death penalty against appellant once appellant withdrew from his original plea agreement and exercised his right to trial. These claims are barred as they should have been raised on direct appeal. Even if not procedurally barred, we find these claims devoid of any merit.
Claim IV alleges ineffective assistance of counsel for failing to present more evidence in mitigation at appellant's sentencing proceeding. This claim is meritless as the evidence now claimed to have been omitted centered on appellant's history of drug use and troubled family background. This evidence is largely cumulative to that presented by appellant at trial. These same facts are alleged here to support claim X that trial counsel was ineffective for failing to raise the defense of voluntary intoxication. This was a reasoned strategic choice by trial counsel, who defended appellant on the theory that, although present at the murders, appellant was not the party who committed the actual killings. Claim XII alleges ineffective assistance of trial counsel for failing to present a defense based on duress and coercion. This claim is meritless as the defense of appellant's role in these killings was presented at trial to be based on appellant's domination by Parker. 458 So.2d at 229.
Claim VI seeks to argue the impropriety of several prosecutorial statements. These statements were not objected to at trial and were, therefore, not argued on appeal. Our review of this record shows that the comments did not constitute fundamental error and therefore are barred from being raised now.
Claim VIII alleges that appellant's original trial counsel breached a duty to appellant by testifying at the pre-trial suppression hearing. This claim is totally devoid of merit. Original counsel was subpoened to testify by the state in response to appellant's claim that his statement was *17 involuntary, as his own attorney and the state "threatened" appellant with the death penalty if he did not accept a plea agreement. The record unequivocally shows that appellant wanted his original counsel to testify at the hearing, and appellant explicitly waived his attorney-client privilege as to certain discussions appellant wished presented. Similarly, claim IX must fail as the same record passages reveal that appellant was accurately and adequately apprised by original counsel of the possibility that appellant might be sentenced to death should he proceed to trial.
In claim V, appellant alleges a Brady violation[1] for the prosecutor paying some small sums of cash, for lunches and travel expenses, to several state witnesses. Evidence of these payments has come to light since appellant's conviction and sentences were affirmed by this Court. While we express no opinion on the propriety of these payments, we find that appellant has shown nothing entitling him to relief on this point. Appellant claims that these payments should have been made known to the defense in order to expose these witnesses' interests in testifying against appellant. In particular, appellant points to payment to Joan Bennett, a critical state witness. Our review of the record shows that appellant's trial counsel fully cross-examined Bennett about her interest in testifying, informing the jury that Bennett received a reduction in charges from first-degree murder to accessory after the fact in exchange for her testimony against appellant. The United States Supreme Court recently held in U.S. v. Bagley, ___ U.S. ___, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), that evidence is "material" for Brady purposes, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 105 S.Ct. at 3384. We find that under this test, appellant's claim must fail. Bennett's interest in testifying was exposed and the payment in question here could have made no difference in the jury's assessment of her credibility.
Claim XIV alleges that the trial judge relied on a noncriminal activity (i.e., appellant's involvement with drugs) to find that the mitigating factor of no significant prior criminal history was inapplicable to appellant's case. A simple reading of the trial judge's allegedly improper statement refutes appellant's contention. The trial court simply made a statement concerning the fact that three lives had tragically ended over a fifty dollar drug debt.
In sum, we find that these claims either were or should have been raised on direct appeal, or that the records conclusively show that appellant was entitled to no relief, thus obviating the need for an evidentiary hearing.
Appellant does, however, raise one issue which we feel requires an evidentiary hearing. In claims I and III, appellant alleges that trial counsel was ineffective for failing to inquire into his competency to stand trial and for failing to order a psychiatric evaluation of appellant. Various records and the affidavits of several psychologists and doctors present evidence that appellant has organic brain damage, is mentally retarded and has a lengthy history of abusing certain drugs which have medically proven mentally dehabilitating side effects. Critical for our conclusion that an evidentiary hearing is required on this issue is the explicit record evidence that prison officials administered large doses of Mellaril, a powerful anti-psychotic drug, to appellant throughout his pretrial and trial incarceration. The state argues that appellant's alleged incompetence to stand trial is refuted by various passages from the trial transcript and record and that the trial court's refusal to hold an evidentiary hearing on this issue was not error. Whatever the ultimate merits of this issue prove to be, we cannot say that it has been conclusively shown that appellant is entitled to no relief. See Jones v. State, 478 So.2d 346 (Fla. 1985).
*18 Accordingly, we reverse and remand with instructions that appellant be granted an evidentiary hearing on this issue. The evidentiary hearing shall be held within 60 days from the date of this opinion. No motion for rehearing will be entertained by the court.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
McDONALD, J., dissents.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
I find no lawful basis to grant relief in this case. I respectfully dissent.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).