534 So.2d 701 (1988)
Jim Eric CHANDLER, Appellant,
v.
STATE of Florida, Appellee.
No. 69708.
Supreme Court of Florida.
December 8, 1988.
*702 Jeffrey H. Garland and Michael J. Kessler, Port St. Lucie, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Chandler appeals his sentences of death imposed on resentencing. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm the sentences.
A jury convicted Chandler of, among other things, the first-degree murder of an elderly couple and recommended that he be sentenced to death, which the trial court did. On appeal this Court affirmed Chandler's convictions, but ordered him resentenced because the trial court improperly excused two prospective jurors. Chandler v. State, 442 So.2d 171 (Fla. 1983). The newly impaneled jury unanimously recommended that Chandler be resentenced to death. The trial court agreed, finding that numerous aggravating factors had been established (committed by person under sentence of imprisonment; previous conviction of violent felony; committed during robbery or kidnapping;[*] committed to avoid or prevent a lawful arrest; committed for financial gain; heinous, atrocious, or cruel; and cold, calculated, and premeditated), but that no mitigating circumstances existed.
In sentencing proceedings subsection 921.141(1), Florida Statutes (1985), provides that "evidence may be presented as to any matter that the court deems relevant to the nature of the crime and the character of the defendant" and that "[a]ny such evidence which the court deems to have probative value may be received, regardless of its admissibility under the exclusionary rules of evidence, provided the defendant is accorded a fair opportunity to rebut any hearsay statements." Chandler claims that the trial court improperly allowed the state to introduce hearsay statements into evidence pursuant to subsection 921.141(1). He also claims that the statute is unconstitutional, on its face and as applied in this case, because it denied his sixth amendment right to confront the witnesses against him.
The sixth amendment's confrontation clause guarantees an adequate opportunity to cross-examine adverse witnesses. United States v. Owens, ___ U.S. ___, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). There is nothing in subsection 921.141(1) which denies a defendant the right to confront the state's witnesses. Moreover, Chandler's counsel conducted a vigorous and extensive cross-examination of the witnesses presented by the state. We do not find subsection 921.141(1) unconstitutional on its face.
*703 A resentencing is not a retrial of the defendant's guilt or innocence. King v. State, 514 So.2d 354 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). Because a jury cannot be expected to make a decision in a vacuum, it must be made aware of the underlying facts. Teffeteller v. State, 495 So.2d 744 (Fla. 1986). Both the state and the defendant can present evidence at the penalty phase that might have been barred at trial because a "narrow interpretation of the rules of evidence is not to be enforced." State v. Dixon, 283 So.2d 1, 7 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974); Alvord v. State, 322 So.2d 533 (Fla. 1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976). To be admissible, however, evidence must be relevant, Muehleman v. State, 503 So.2d 310 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 39, 98 L.Ed.2d 170 (1987); Teffeteller, and the admission of evidence is within the trial court's wide discretion. King; Muehleman; Teffeteller. Subsection 921.141(1) recognizes these principles and provides that evidence which "the court deems relevant" or which "the court deems to have probative value" may be presented. To protect against the unwarranted admission of evidence, the statute also directs that a defendant must be "accorded a fair opportunity to rebut any hearsay statements."
We do not find that the introduction of hearsay testimony rendered subsection 921.141(1) unconstitutional as applied in this case. As stated before, Chandler's counsel vigorously cross-examined the state's witnesses. That Chandler chose not to rebut any hearsay testimony does not make the admission of such testimony erroneous. The currently objected-to testimony came from a police detective and concerned statements made by a police chief, another detective, and a state expert. Those individuals had testified, consistent with what the detective stated they said, during the guilt phase. Chandler has not demonstrated an abuse of the trial court's discretion regarding hearsay testimony in allowing the recitation of this testimony by the detective.
Chandler also argues that the court erred by refusing to give his requested instruction regarding the voluntariness of statements he made to the police. Chandler's original jury had the duty to determine the voluntariness of his statements during the guilt/innocence phase of his trial. Jury instructions must relate to issues concerning evidence received at trial. Butler v. State, 493 So.2d 451 (Fla. 1986). Because the voluntariness question had been decided previously, it was not at issue in the new penalty proceeding. The trial court, therefore, did not err by refusing to give the requested instruction.
The victims suffered blunt trauma wounds to their heads. During cross-examination, defense counsel asked the medical examiner if the wounds were consistent with being struck from behind. On redirect examination the state asked if the wounds were consistent with the victims being on their knees and their being struck on the top of their heads. Defense counsel objected to that hypothetical situation. In response to that objection the prosecutor stated: "Your honor, Mr. Udell [Chandler's attorney] asked him [the medical examiner] if this was, you know, consistent from behind, you know, what evidence is there that he hit from behind, I mean, no one knows at this point except for Mr. Chandler." Chandler, himself, then objected to the last part of the prosecutor's statement as a comment on Chandler's right to remain silent. Defense counsel continued that objection and moved for a mistrial. The trial court denied the objection and motion and, in an abundance of caution, told the jury to disregard the statement that only the defendant would know. Chandler now claims the comment to be reversible error.
Chandler's original jury convicted him of these murders, and the resentencing jury had to accept those convictions as facts. The state, therefore, may have been correct in arguing to the trial court that the statement was a fair comment on the evidence. At most it was only an inferential comment on Chandler's silence, but, assuming for the sake of his argument that *704 the state commented on Chandler's right to remain silent, we find any such error harmless. Given the fact that Chandler had been convicted of these murders and, therefore, would know how they were committed, we are convinced beyond any reasonable doubt that the prosecutor's statement would not have affected the jury's deliberations and recommendation on the penalty. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
As his last point on appeal, Chandler claims that the trial court erred in hearing and ruling on challenges for cause to three prospective jurors during Chandler's absence. Jury selection is a critical part of a capital trial at which a defendant has the right to be present. Francis v. State, 413 So.2d 1175 (Fla. 1982). A defendant can, however, absent himself voluntarily from a capital trial. Peede v. State, 474 So.2d 808 (Fla. 1985), cert. denied, 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 575 (1986).
The trial court announced that individual voir dire would be conducted of any prospective jurors who had read or heard about Chandler's case. Accordingly, Chandler, the attorneys, the trial judge, and the court reporter retired to the jury room for the first individual questioning. At that time the judge granted a challenge for cause, in Chandler's presence, at defense counsel's request. Later, when the three prospective jurors at issue here had to be questioned individually, defense counsel informed the judge that Chandler did not want to attend the individualized voir dire. In response to the judge's questioning him, Chandler waived his right to be present. Because a challenge for cause had been heard and ruled on previously while not in open court, Chandler should have realized that, by not going with the others, he might well miss other challenges for cause. The record demonstrates that Chandler knowingly and voluntarily absented himself during a portion of the proceedings when it could be expected that challenges for cause would arise and be disposed of. We find no merit to this point.
Although Chandler does not challenge his death sentences, this Court has the duty to determine if they are appropriate in this case.
Chandler had been convicted of kidnapping in Texas and, at the time of these murders, was on parole. The state established the first two aggravating factors (under sentence of imprisonment and previous conviction of felony involving use or threat of violence) beyond a reasonable doubt. The trial court found the murders to have been committed during a robbery and kidnapping, but did not consider this aggravating circumstance. Instead, the court justifiably relied on the aggravating factor of committed for pecuniary gain because Chandler stole, from the victims' home, numerous items which he sold shortly afterwards. We agree with the trial court's finding these murders to have been heinous, atrocious, or cruel after considering that this elderly couple, of whom the wife was very frail, must have suffered great fear and apprehension after being subdued and abducted from their home by a young man armed with a baseball bat and knife and then beaten to death in each other's presence. See Phillips v. State, 476 So.2d 194 (Fla. 1985); Mason v. State, 438 So.2d 374 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). We also find the heightened level of premeditation needed to support the cold, calculated, and premeditated aggravating factor to be present in this case. This case is a far cry from, for instance, the situation where a robber is startled or goaded into attacking a victim, as evidenced by Chandler's arming himself, marching the victims from their home, and striking the victims in the head repeatedly with the baseball bat. See Phillips; Mason. We do not find, however, that the avoid or prevent arrest factor has been established beyond a reasonable doubt. See Bates v. State, 465 So.2d 490 (Fla. 1985). We hold that the trial court's other findings are amply supported and that death is the appropriate penalty. See Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985); Preston v. State, 444 So.2d 939 (Fla. 1984). We therefore *705 affirm the trial court's resentencing Chandler to death.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] The trial judge did not consider this factor in sentencing because he also found the murders had been committed for pecuniary gain.