634 So.2d 1066 (1994)
Jim Eric CHANDLER, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Jim Eric CHANDLER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76039, 78712.
Supreme Court of Florida.
February 24, 1994.
Rehearing Denied April 20, 1994.
*1067 Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, Judith J. Dougherty, Asst. CCR and Harun Shabazz, Staff Atty., Office of Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent/appellee.

CORRECTED OPINION
PER CURIAM.
Jim Eric Chandler, a prisoner on death row, petitions this Court for writ of habeas corpus and appeals the trial court's denial of his motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.; Fla.R.Crim.P. 3.850. We deny the petition and affirm the trial court's denial of relief.
A jury convicted Chandler of two counts of first-degree murder for the deaths of an elderly couple and recommended that he be sentenced to death, which the trial court did. On appeal this Court affirmed the convictions, but remanded for resentencing because the trial court erroneously excused two prospective jurors. Chandler v. State, 442 So.2d 171 (Fla. 1983). Chandler's second jury also recommended death, the trial court reimposed two death sentences, and this Court affirmed. Chandler v. State, 534 So.2d 701 (Fla. 1988), cert. denied, 490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 652 (1989).
In April 1990 the governor signed a death warrant on Chandler. Chandler filed a habeas petition and a motion for stay of execution, and, on June 8, 1990, this Court stayed his execution. Thereafter, Chandler filed an amended petition with this Court in September 1990 and, in March 1991, filed a postconviction motion with the trial court. In July 1991 that court denied the motion without an evidentiary hearing.

Habeas Petition
Chandler raises eleven issues in his habeas petition: 1) the trial court improperly refused to excuse several prospective jurors for cause; 2) the petit jury was not selected from a fair cross-section of the community; 3) Booth[1] error occurred; 4) ineffective assistance of counsel and prosecutorial misbehavior at the original trial and at resentencing rendered the convictions and sentences unfair; 5) collateral crime evidence was improperly introduced; 6) resentencing counsel had a conflict of interest; 7) the instructions improperly shifted the burden of showing life imprisonment to be the proper penalty; 8) the court erred in not instructing about the minimum twenty-five-year term; 9) the court coerced disclosure of a confidential expert's report; 10) the trial court failed to weigh aggravators and mitigators independently; and 11) an incomplete transcript precluded reliable appellate review. "Habeas corpus is not to be used for additional appeals of issues that could have been, should have been, or were raised on" direct appeal. Mills v. Dugger, 559 So.2d 578, 579 (Fla. 1990). The merits of all of the issues raised in this petition could and should have been raised on direct appeal. To overcome this procedural bar, Chandler includes allegations of ineffective assistance in most of the issues.[2]
Issues 7 (burden shift), 10 (weighing of aggravators and mitigators), and 11 (incomplete transcript) do not argue appellate counsel's *1068 effectiveness and are, therefore, procedurally barred. Moreover, these issues were not preserved for appeal. Despite Chandler's argument, these issues do not demonstrate fundamental error, as needed for appeal of nonpreserved issues.
Issues 3 (Booth error), 4 (prosecutorial misconduct), and 5 (collateral crime evidence) contain items that were not objected to. Appellate counsel cannot be considered ineffective for failing to argue a claim that has not been preserved for appeal. Swafford v. Dugger, 569 So.2d 1264 (Fla. 1990). Therefore, the unpreserved items are barred from consideration.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), claims of ineffective assistance of counsel must show both "specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance" and "that the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome." Johnson v. Wainwright, 463 So.2d 207, 209 (Fla. 1985). Chandler has not met this standard. If appellate counsel had raised the issues now set forth, we would have found them to be without merit.[3] Appellate counsel's failure to raise a nonmeritorious issue is not ineffective assistance. Swafford. Therefore, we deny the petition for writ of habeas corpus.

3.850 Motion
Chandler raises thirteen issues in appealing the denial of his postconviction motion: 1) the state violated Chandler's rights at resentencing by presenting false evidence, tampering with witnesses, and withholding evidence; 2) resentencing counsel was ineffective for failing to object to numerous comments by the prosecutor; 3) counsel was ineffective regarding prosecutorial misconduct at the original trial; 4) resentencing counsel was ineffective for not developing and presenting more mitigating evidence; 5) original counsel was ineffective in countering the state's case; 6) ineffective assistance regarding Chandler's absence from parts of the resentencing proceeding; 7) the failure to provide an adequate law library violated Chandler's rights; 8) the instructions improperly shifted the burden as to the proper penalty; 9) the court erred in not finding mitigators; 10) the instructions on the aggravators were improper; 11) finding the cold, calculated aggravator was improper; 12) the court failed to make an independent weighing of the aggravators and mitigators; and 13) cumulative errors denied Chandler a fair trial. The trial court denied the motion without an evidentiary hearing and attached portions of the record showing that no relief was warranted. See Roberts v. State, 568 So.2d 1255 (Fla. 1990).
"Postconviction proceedings cannot be used as a second appeal." Swafford, 569 So.2d at 1267. The trial court correctly found issues 7 through 9 and 11 through 13 procedurally barred because they could have been raised on direct appeal. The court also found issue 1 procedurally barred because it could and should have been raised on direct appeal. Chandler argues that the state's violations set out in issue 1 prevented him from presenting nonstatutory mitigating evidence about his behavior in prison. The defense, however, knew about the state's problems with the escape charge. Moreover, in a 1987 deposition defense counsel said he made it clear that they would not pursue that nonstatutory mitigating evidence and also said that the state had Chandler "up and *1069 down the line. It was a terrible case." As to the state's "convincing" an inmate not to testify on Chandler's behalf, that inmate refused to testify on advice of counsel because he had not been sentenced yet. If the substance of the claims in issue 1 had been raised on direct appeal, no reversible error would have been found.
In issue 10 Chandler argues that both the instructions on the heinous, atrocious, or cruel and cold, calculated, and premeditated aggravators and the aggravators themselves are unconstitutionally vague. The latter argument is procedurally barred because it could have been raised on direct appeal. The same is also true regarding the former argument in spite of Chandler's claim that the issue is now cognizable in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), and Hodges v. Florida, ___ U.S. ___, 113 S.Ct. 33, 121 L.Ed.2d 6 (1992).
Chandler argued that the then-current instruction on the heinous, atrocious, or cruel aggravator was constitutionally insufficient, but the court refused to give an expanded instruction. The trial court found that this aggravator had been established, and this Court affirmed that finding. Chandler, 534 So.2d at 704. Chandler did not raise this issue on direct appeal, and it is, therefore, procedurally barred. Jackson v. Dugger, 633 So.2d 1051 (Fla. 1993). Even if the issue had been preserved, however, under the facts presented this aggravator clearly existed and, under any instruction, would have been found. Any error in the instruction was harmless beyond a reasonable doubt and did not affect Chandler's sentence. Cf. Thompson v. State, 619 So.2d 261 (Fla. 1993). Moreover, even if this aggravator were to be invalidated, the remaining valid aggravators support and dictate the appropriateness of the death sentence.
The same is true of the cold, calculated, and premeditated aggravator. Chandler objected that the instruction on this aggravator was also vague and misleading, but the trial court denied the objection. We affirmed the trial court's finding that this aggravator had been established. Chandler, 534 So.2d at 704. Assuming without deciding that the instruction on the cold, calculated aggravator was deficient, we hold that any error was harmless beyond a reasonable doubt and did not affect Chandler's sentence because, under any definition, the facts show the murders to have been cold, calculated, and premeditated. Additionally, if this aggravator were to be stricken, the remaining valid aggravators demonstrate that the death sentence would still be appropriate and clearly would have been imposed.[4]
Issues 2 and 3 argue that both resentencing and original counsel were ineffective regarding the prosecutor's alleged misbehavior. The trial court discussed the incidents of alleged misconduct in his order and held that most of the claims were procedurally barred or that the statements were not error or not reversible error. The court concluded that Chandler had not met the requirements of Strickland v. Washington, i.e., substandard performance that prejudiced Chandler. We agree. If the substance of these claims had been raised on direct appeal, we would not have found reversible error.
In issue 4 Chandler claims that resentencing counsel should have presented more mitigating evidence. The trial court, however, held that counsel's performance had not been deficient because counsel presented evidence of Chandler's impoverished childhood through testimony of family members and a psychologist, that more information would have been merely cumulative and would not have produced a life sentence given the brutality of the murders and the valid aggravators, that no statutory mitigators existed, and that Chandler had failed to demonstrate that the cold, calculated aggravator was not supported by the facts. We agree that this claim has no merit and that Chandler has not met the test for showing ineffective assistance.
*1070 Chandler argues in issue 5 that original counsel was ineffective for (a) not having an independent expert establish the time of death; (b) failing to make a second tape recording of the deposition of a state witness; (c) failing to investigate Chandler's competency; and (d) not being prepared to cross-examine a witness. The trial court found that the first claim was procedurally barred because a variation of it had been raised on direct appeal, that counsel's performance was not deficient on the second claim, and that the remaining claims were refuted by the record. Again, we agree with the trial court's conclusion that there is no merit to the claims of ineffectiveness.
Finally, in issue 6 Chandler argues that counsel was ineffective for not insuring that Chandler was present at a critical stage of the proceedings. The "critical stage" was a short conference where the trial court decided not to consider the aggravating factor of committed during a robbery. We agree with the trial court's conclusion that counsel's performance regarding this was not deficient and that Chandler suffered no prejudice because "the trial court's determination not to consider an additional aggravating factor is to his benefit or at the very least it cannot be to his detriment."
Therefore, we affirm the trial court's denial of the motion for postconviction relief.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., and KOGAN, J., concur in result only.
NOTES
[1] Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987).
[2] The merits of the issues, however, are merely abstractions that will be considered only to the extent needed to dispose of the ineffectiveness claims. Pope v. Wainwright, 496 So.2d 798 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985).
[3] Issue 1, the court properly refused to excuse for cause the complained-about prospective jurors. Issue 2, the jury pool was selected in a constitutionally permissible manner. Issue 3, the complained-about comments did not constitute Booth error. Issue 4, the objected-to comments were either not error or not reversible error. Issue 5, the complained-about evidence was properly admitted in rebuttal. Issue 6, no conflict of interest has been shown. Issue 8, the trial court correctly refused to allow argument and instruction regarding the minimum mandatory sentence. Issue 9, the trial court correctly held that, if Chandler listed the expert as a witness to use at trial, the state could cross-examine that "witness as to any relevant matter including, but not limited to, the basis for any opinion that he has reached" and, to that end, that the state could depose the expert. Moreover, Chandler made no proffer regarding this expert.
[4] Chandler had been convicted of kidnapping in Texas. He was on parole when he entered the home of the victims. He repeatedly stabbed the elderly victims and stole their property. When their bodies were found in the woods near their home, the husband's hands were bound behind his back.