656 So.2d 424 (1995)
Tommy Sands GROOVER, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 84807.
Supreme Court of Florida.
April 6, 1995.
Rehearing Denied June 23, 1995.
Gail E. Anderson and Harun Shabazz, Asst. Capital Collateral Representatives, Office of Capital Collateral Representatives, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Barbara J. Yates, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Tommy Sands Groover petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Groover was convicted of three counts of first-degree murder and was sentenced to death on two counts and to life imprisonment on the remaining count. On appeal, this Court affirmed the convictions and sentences. Groover v. State, 458 So.2d 226 (Fla. 1984), cert. denied, 471 U.S. 1009, 105 S.Ct. 1877, 85 L.Ed.2d 169 (1985). In 1986, Groover appealed the trial court's denial of his motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. This Court held that twelve of fourteen issues raised by Groover in his 3.850 motion were either without merit, procedurally barred or both, but remanded the case to the trial court for an evidentiary hearing to determine if counsel was inadequate for not inquiring into Groover's competency to stand trial and for failing to order a psychiatric evaluation. Groover v. State, 489 So.2d 15 (Fla. 1986).
After a two-day evidentiary hearing, the trial court determined that defense counsel's failure did not amount to deficient performance as there was no evidence calling Groover's competency into question. This Court affirmed the trial court's order denying relief, as it was supported by competent substantial evidence. Groover v. State, 574 So.2d 97 (Fla. 1991). Most recently, this Court affirmed the trial court's denial of relief based upon a second 3.850 motion raised by Groover. Groover v. State, 640 So.2d 1077 (Fla. 1994). We determined that *425 three issues were without merit and that a fourth claim was procedurally barred. Groover also has a habeas corpus petition pending before the United States District Court for the Middle District of Florida.
In his habeas petition to this Court, Groover raises six claims alleging that appellate counsel was ineffective for not arguing that: 1) trial counsel breached his duty to Groover by withdrawing and testifying in the case; 2) receipt of the death penalty for one of the murders was a punishment for exercising his right to a jury trial; 3) the State's indictment of Groover for murder after the withdrawal of a guilty plea posed a realistic likelihood of prosecutorial vindictiveness; 4) the trial court improperly considered nonstatutory aggravating factors; 5) the penalty phase jury instructions improperly shifted to Groover the burden of proving that life imprisonment was the proper penalty and the sentencing judge used the wrong standard in imposing the death penalty; and 6) the judge's instruction that a majority vote of the jury was necessary to impose a life sentence denied Groover a fair trial.
While the merits of these claims were already raised in Groover's previous 3.850 motions, he now claims that appellate counsel was ineffective for failing to raise these issues on appeal. A petition for a writ of habeas corpus is the appropriate vehicle to raise claims of ineffective assistance of appellate counsel. Knight v. State, 394 So.2d 997, 999 (Fla. 1981).
In evaluating a claim of ineffective assistance of appellate counsel, this Court's determination is limited to "first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Pope v. Wainwright, 496 So.2d 798, 800 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); accord Suarez v. Dugger, 527 So.2d 190, 192-93 (Fla. 1988). We do not reach the second prong of the analysis as Groover has failed to prove deficient performance by appellate counsel on any of the claims raised. Therefore, he is not entitled to habeas relief.
Groover raised claims 1 and 4, trial counsel's breach of duty and the consideration of nonstatutory aggravators, in his first 3.850 motion, and this Court found them to have no merit. Groover, 489 So.2d at 16-17. Claims 2 and 3, regarding prosecutorial vindictiveness and retaliation, were also raised in Groover's first 3.850 motion. While this Court found both claims to be procedurally barred because they should have been raised on direct appeal, we also found them to be "devoid of any merit." Id. at 16. Appellate counsel's failure to raise nonmeritorious issues does not constitute ineffective assistance. Chandler v. Dugger, 634 So.2d 1066, 1068 (Fla. 1994); Swafford v. Dugger, 569 So.2d 1264, 1266 (Fla. 1990). Moreover, "an allegation of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987).
Groover raised claims 5 and 6, error in the penalty phase instructions and standards, in his second 3.850 motion, and this Court found the issues to be procedurally barred. Groover, 640 So.2d at 1078 & n. 2. Because Groover raised no objections to the instructions at trial, these issues were not preserved for appeal. "Appellate counsel is not ineffective for failing to raise issues not preserved for appeal." Medina v. Dugger, 586 So.2d 317, 318 (Fla. 1991).
All six of the claims raised in this habeas petition have been raised in prior proceedings before this Court and found to be procedurally barred, without merit, or both. Therefore, appellate counsel was not ineffective for failing to raise these issues. Accordingly, we deny the petition for writ of habeas corpus.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.