WARNER, Judge.
The petition for habeas corpus based on ineffectiveness of appellate counsel is denied. Petitioner argues that because his co-defendant’s sentence was reversed on direct appeal, Mulligan v. State, 566 So.2d 76 (Fla. 4th DCA 1990), and his conviction and sentence were affirmed without opinion, his appellate counsel must have been deficient in the presentation of his brief, as the same sentencing issue on which this court reversed his codefendant’s sentence was affirmed in his case.
Petitioner and his codefendant were both sentenced to departure sentences. On appeal, both argued that the trial court’s orally announced reasons for departure did not correspond to its written reasons and that the trial court had merely adopted the state’s reasons. However, a review of the transcript of the sentencing hearing shows that the trial court was experienced with petitioner from other criminal matters and obviously looked at his prior record, as the court informed the state that it had omitted a conviction. All of the court’s comments at the sentencing hearing were directed at the petitioner’s conduct. Only as an afterthought did the court, upon a question from trial counsel, indicate that the sentence applied to the codefendant also. Therefore, there was a distinction between how the trial court sentenced petitioner and his codefendant. In the petitioner’s case, the trial court considered the matters raised as grounds for departure and particularly applied them to the petitioner. The court did not do the same for the codefendant.
Additionally, the eodefendant raised the accuracy of prior convictions both at the sentencing hearing and on appeal. We also reversed the codefendant’s sentence to ascertain the accuracy of those convictions. Petitioner did not raise any challenge to his prior record at the sentencing hearing, a prerequisite to preserving any argument on that issue for appeal. Thus, the discrepancy as to the result between petitioner’s appeal and his codefendant’s is explainable from the trial court proceedings.
As to the remaining issues raised by the petitioner, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to brief an issue that was not preserved for appeal. Chandler v. Dugger, 634 So.2d 1066, 1068 (Fla.1994); Suarez v. Dugger, 527 So.2d 190 (Fla.1988). Nor can counsel be deficient for failing to file a reply brief, which is not even required. The petitioner has not shown that counsel performed in a substandard manner nor that he has been prejudiced by that performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Johnson v. Wainwright, 463 So.2d 207 (Fla.1985).
The petition is denied.
DELL and PARIENTE, JJ., concur.