NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ENGLAND THAMES, DOC #W24143,    )
                                )
          Petitioner,           )
                                )
v.                              )          Case No. 2D16-2896
                                )
STATE OF FLORIDA,               )
                                )
          Respondent.           )
                                )

Opinion filed October 27, 2017.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Polk County;
Reinaldo Ojeda, Judge.

England Thames, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Respondent.


LUCAS, Judge.

          England Thames has filed a petition under Florida Rule of Appellate

Procedure 9.141(d), in which he asserts that his appointed appellate counsel was

ineffective for failing to raise an argument concerning the jury instructions that were

used, but never objected to, at his trial.  Finding no fundamental error under the facts of

this case, we deny his petition for the reasons that follow.

I.

The State charged Mr. Thames with (1) sale of cannabis under section 893.13, Florida Statutes (2014), (2) actual or constructive possession of a conveyance used for the trafficking, sale, or manufacture of controlled substances in violation of section 893.1351, and (3) solicitation to purchase cannabis under sections 777.04, Florida Statutes (2014), and 893.13.  The jury acquitted Mr. Thames of the first and third charges but found him guilty of the second.  The circuit court sentenced him to fifteen years in prison as a habitual violent felony offender.  He appealed his judgment and sentence, which this court affirmed without a written opinion.  Thames v. State, No. 2D14-3629, 2015 WL 6777325 (Fla. 2d DCA Nov. 6, 2015) (table).

The relevant facts adduced at the trial were fairly succinct.  On January 2, 2014, two undercover law enforcement officers approached three men who were standing by a Chevrolet Caprice.  One of the officers asked the men if they had twenty dollars' worth of marijuana, and one of the men indicated that he did; that man then opened the driver's door of the car, reached inside, and pulled out four small bags containing marijuana.  After exchanging the marijuana and twenty dollars, the officer then asked the man he had initially contacted for his telephone number, but the man responded that he did not have a phone.  He asked his two companions if they would provide the undercover officer with a contact number.  Mr. Thames gave his cell phone number and gestured toward his pocket when the undercover officer called it.  The entire transaction was filmed, and the jury viewed the recording.  Throughout the

transaction, Mr. Thames stood by or leaned on the Caprice, a car which, the officers later learned, Mr. Thames in all probability owned.[1]

At the conclusion of the trial, the circuit court gave the jury the following instruction for the charge of actual or constructive possession of a conveyance used for the trafficking, sale, or manufacture of controlled substances:

> To prove the crime of actual or constructive possession of a structure used for trafficking, sale or manufacture of a controlled substance the State must prove the following two elements beyond a reasonable doubt[:]
>
> first, the defendant was in actual or constructive possession of a place, structure or part thereof, trailer or conveyance;
>
> and secondly, the defendant had knowledge that the place, structure or part thereof, trailer or conveyance would be used for the purpose of sale or distribution of a controlled substance.

Let us state at the outset, the first element in this instruction was erroneous. Section 893.1351(2) reads: "A person may not *knowingly* be in actual or constructive possession of any place, structure, or part thereof, trailer, or other conveyance with the knowledge that the place, structure, or part thereof, trailer, or conveyance will be used for the purpose of trafficking in a controlled substance . . . ." (Emphasis added.) By omitting the word "knowingly" from the first element in the instruction, the jury was not informed that Mr. Thames had to knowingly be in

---

[1]Mr. Thames had a car of the same make, model, and year as the Chevrolet Caprice registered in his name. Mr. Thames did not testify at his trial, but his expired registration of what appeared to be the same vehicle was admitted into evidence at the trial.

possession of the Caprice in order to be found guilty of this offense.[2]  However, his defense counsel did not object to the substance of this instruction (or to the omission of any definition for constructive possession elsewhere within the instructions).  Indeed, Mr. Thames' attorney stipulated to the jury instructions that were ultimately used, both at the charge conference and at the time the instructions were read to the jury.

In his petition now before us, Mr. Thames claims this instruction was fundamentally erroneous because it lacked the first element of knowledge required by section 893.1351(2).  He further asserts that his appellate counsel was ineffective for failing to raise that argument in his prior direct appeal.  On the facts of this case, we must disagree.

## II.

To establish a claim of ineffective assistance of appellate counsel, the Florida Supreme Court explained in <u>Rutherford v. Moore</u>, 774 So. 2d 637, 643 (Fla. 2000), a petitioner must show

> first, that appellate counsel's performance was *deficient* because "the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance" and second, that the petitioner was *prejudiced* because appellate counsel's deficiency "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result."  <u>Thompson [v. State</u>, 759 So. 2d 650, 660 (Fla. 2000)] (emphasis supplied)

---

[2]The instructions did not define actual or constructive possession. Although the information charged Mr. Thames with the crime defined in section 893.1351(2), and the jury instruction lists elements of that offense, the written jury instructions refer to section 893.13(7)(a)(5), which prohibits a person from keeping or maintaining "any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter."

(quoting Groover v. Singletary, 656 So. 2d 424, 425 (Fla. 1995)); see, e.g., Teffeteller [v. Dugger, 734 So. 2d 1009, 1027 (Fla. 1999)]. If a legal issue "would in all probability have been found to be without merit" had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective. Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994); see, e.g., Kokal v. Dugger, 718 So. 2d 138, 142 (Fla. 1998); Groover, 656 So. 2d at 425. This is generally true as to issues that would have been found to be procedurally barred had they been raised on direct appeal. See, e.g., Groover, 656 So. 2d at 425; Medina v. Dugger, 586 So. 2d 317, 318 (Fla. 1991).

See also Evans v. State, 995 So. 2d 933, 954 (Fla. 2008) (holding that because petitioner "cannot demonstrate that the trial court abused its discretion in denying the motion [for a mistrial], appellate counsel cannot be ineffective for failing to raise the meritless issue on direct appeal"). In deciding a petition for ineffective assistance of appellate counsel, an appellate court cannot fault appellate counsel "for failing to argue a point which, even if correct, would amount to no more than harmless error." Duest v. Dugger, 555 So. 2d 849, 853 (Fla. 1990). Where, as here, the claim of ineffective assistance revolves around appellate counsel's failure to argue an issue that had never been objected to at trial, the petitioner must demonstrate a fundamental error—that is, one that "reaches down into the validity of the trial itself to the extent that a verdict of guilty . . . could not have been obtained without the assistance of the alleged error." Scott v. State, 66 So. 3d 923, 929 (Fla. 2011) (quoting Poole v. State, 997 So. 2d 382, 390 (Fla. 2008)); see also State v. Delva, 575 So. 2d 643, 644 (Fla. 1991) (holding jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred"). With that in mind, then, we turn to the substantive point of Mr. Thames' argument.

- 5 -

The jury instruction utilized in Mr. Thames' trial failed to indicate that Mr. Thames had to "knowingly" be in actual or constructive possession of the conveyance to be found guilty of violating section 893.1351(2). Without question, that omission rendered the instruction erroneous because the legislature defined this crime to require both knowledge of possession of the conveyance and knowledge that the conveyance will be used for trafficking, sale, or manufacture of a controlled substance. Cf. Nash v. State, 951 So. 2d 1003, 1004-05 (Fla. 4th DCA 2007) (holding that the trial court fundamentally erred by leaving the word "knowingly" out of the standard jury instruction for trafficking in cocaine because the legislature made knowledge of possession an element of the crime of trafficking and that element was "hotly disputed" during the trial). Mr. Thames correctly asserts in his petition that the instruction provided to his jury lacked a requisite knowledge element of his offense.

It is difficult for us to fathom how that could have mattered, though. Mr. Thames does not contend that the jury's instructions as to what constituted his possession of this particular conveyance for purposes of section 893.1351(2) were in any way inaccurate. On that point, at least, there is no argument about whether the jury was improperly instructed concerning Mr. Thames' possession of the Chevrolet Caprice. His claim of fundamental error, then, rests solely on the notion that he was never found to be "knowingly" in possession of it.

But Mr. Thames' knowledge of his possession—set apart, if it can be, from his status of being in possession—of this car was a point that was never in question during his trial. Indeed, how could it have been under these facts? Cf. State v. Burns, 457 S.W.2d 721, 724 (Mo. 1970) ("Possession without knowledge of such possession is

- 6 -

not possession in the legal sense of that word, State v. Nicolosi, 228 La. 65, 81 So. 2d 771 [(1955)]."). Under any plausible view of the facts before us, the jury could not have found Mr. Thames to have been in possession of the car he was leaning against and engaging in a drug transaction around without him correspondingly knowing that he was in possession of it.[3] Tellingly, in his petition before us, he makes no claim that that issue was contested, or how, conceptually, it could have been contested—only that the instruction was erroneous (which, again, it unquestionably was). Since the issue of Mr. Thames' knowledge about his possession of the car was never in dispute, the failure to include the word "knowingly" for that part of the instruction, although an error, did not amount to fundamental error in this case. See State v. Montgomery, 39 So. 3d 252, 258 (Fla. 2010) ("Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." (quoting Delva, 575 So. 2d at 645)); Reed v. State, 837 So. 2d 366, 369 (Fla. 2002) ("[W]hether the evidence of guilt is overwhelming or

_____

[3]The case of Nash, 951 So. 2d 1003, where the Fourth District found fundamental error when the jury was not instructed that a defendant had to knowingly be in possession of cocaine to be convicted of trafficking, is readily distinguishable. One can easily imagine a circumstance where an individual might unknowingly be in possession of a substance, such as cocaine, as indeed, in that case, the defendant's knowledge of the drug's presence "was hotly disputed." Id. at 1005. Even then, the Fourth District took care to limit its holding in Nash to the circumstances of that case. Id. at 1004.

That is not to say that our analysis hinges solely on the fact that the subject of possession in this case happened to concern a car. We could imagine a scenario where the question of whether a defendant was knowingly in possession of a conveyance such as a car would be in dispute. For example, if Mr. Thames owned a large car lot or a junkyard which contained a vehicle that the State charged was "used for the purpose of sale or distribution of a controlled substance," the issue might very well be contested. Here, however, it is simply impossible to imagine any circumstance under which it could be said that Mr. Thames inadvertently or unknowingly possessed the Chevrolet Caprice he was leaning against when he conducted this drug transaction.

whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecution's argument are not germane to whether the error is fundamental," rather, "[i]t is fundamental error if the inaccurately defined . . . element is disputed, and the inaccurate definition 'is pertinent or material to what the jury must consider in order to convict.' " (citation omitted) (quoting Stewart v. State, 420 So. 2d 862, 863 (Fla. 1982))).

Our colleague's dissent, though thoughtful and thorough, elides this issue.[4]  Mr. Thames' petition suffers the same shortcoming.  It is not for this court to speculate how Mr. Thames might have disputed whether he could have been in possession of this car without "knowingly" being in possession of this car—our task is to determine from the record whether this discrete issue was ever disputed at any point in the proceedings below.  It was not.

Consistent with Montgomery, Reed, and Delva, then, we do not consider this erroneous omission to be a fundamental error in Mr. Thames' case.  There was no dispute over the issue of Mr. Thames' knowledge of whether he was in possession of his Chevrolet Caprice.[5]  The error as to that part of the jury instruction did not reach

---

[4]Our colleague recognizes that section 893.1351(2)'s inclusion of the word "knowingly" imparts "a distinct mental element" into this criminal offense.  Yet, in gleaning "a disputed issue of fact" for purposes of fundamental error, the dissent appears to collapse the distinct (but undisputed) mental element of Mr. Thames' knowledge into the separate (and disputed) element about Mr. Thames' actual or constructive possession of the vehicle.  At trial, Mr. Thames' counsel only argued that he was not in actual or constructive possession of this vehicle.  A jury found otherwise, and Mr. Thames does not challenge that finding or the instruction (defining actual or constructive possession) that precipitated it in his petition.  As to whether Mr. Thames was *knowingly* in actual or constructive possession of this car—an issue we can all agree would be separate and distinct from his possession—that dispute is nowhere to be found in this record.

[5]In so holding, we are cognizant of the observation made by one of our former colleagues: "District courts have with varying results continued to apply Delva's

"down into the validity of the trial itself," <u>Poole</u>, 997 So. 2d at 390, and so we conclude it was not fundamental in this case.

Petition denied.

CRENSHAW, J., Concurs.
WALLACE, J., Dissents with opinion.

WALLACE, Judge, Dissenting.

I respectfully dissent. The majority acknowledges that the knowing nature of Mr. Thames' actual or constructive possession of the car at issue is an element of the offense as defined by the legislature and that the knowing nature of the alleged possession was essential to what the jury was required to determine in order to find Mr. Thames guilty of the crime defined in section 893.1351(2). But the majority equates this element with knowledge that the car was present and concludes that "Mr. Thames' knowledge of his possession . . . of this car was a point that was never in question during his trial." I disagree with both this interpretation of the statute and with the majority's conclusion this element was not disputed at trial. I would hold that the omission of this element from the jury instruction was fundamental error and that the

_____

distinction between the failure to instruct on an element that is disputed—which constitutes fundamental error—and the failure to instruct on an element that is not disputed—which does not constitute fundamental error." <u>Garcia v. State</u>, 854 So. 2d 758, 769 (Fla. 2d DCA 2003), <u>quashed by</u> 901 So. 2d 788 (Fla. 2005). So long as <u>Delva</u> remains the law in Florida, we must continue applying the distinction that it formulated.

failure of Mr. Thames' appellate counsel to raise this error in Mr. Thames' direct appeal was deficient performance that undermines confidence in the outcome.

## I. THE INSTRUCTION AS FUNDAMENTAL ERROR

Section 893.1351(2) contains two separate elements regarding knowledge that the State must prove to obtain a conviction. First, the State must establish that the accused's possession of the place, structure, trailer, or conveyance was undertaken "knowingly." Id. Second, the State must also prove that such possession was undertaken "with the knowledge" that the place, structure, trailer, or conveyance will be used for a prohibited purpose as described in the statute. Id.; see Notice, Amendments to Jury Instructions, Fla. Bar News, Jan. 15, 2017, at 21 (proposing a new jury instruction 25.13(g) for the offense set forth in section 893.1351(2)). I will refer to the first element as the "conscious purpose" requirement and the second element as the "guilty knowledge" requirement.

These two elements are separate and distinct. A similarly worded requirement that the accused's possession be undertaken "knowingly" appears in section 893.135, the trafficking statute. In construing the meaning of the term "knowingly" as used in the trafficking statute, the Fourth District explained that the legislature's use of the term "knowingly" cannot mean the same thing as knowledge of the contraband's presence. Gartrell v. State, 609 So. 2d 112, 114 (Fla. 4th DCA 1992), quashed on other grounds, 626 So. 2d 1364 (Fla. 1993). Instead, the legislature's use of the term "knowingly," when used in conjunction with possession, must be interpreted so as to give it a separate meaning. See id. With regard to the trafficking statute, the Fourth District said that the term "knowingly" "has been interpreted by our supreme

- 10 -

court to mean that the defendant must know the nature of the particular substance he possesses." Id. (citing State v. Dominguez, 509 So. 2d 917 (Fla. 1987)).[6]

Section 893.1351(2), Florida Statutes (2014), the statutory provision under review here, uses the term "knowingly" with reference to the possession of places, structures, trailers, and conveyances. Unlike in the trafficking statute, these things are not contraband. Therefore, part of the court's proper task here is to determine what the term "knowingly" means with regard to the possession of these items.

I take the word "knowingly" as used in section 893.1351(2) to mean that the accused's possession of the place, structure, trailer, or conveyance must have a distinct mental element, i.e., "a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." Reynolds v. State, 111 So. 285, 286 (Fla. 1926). Thus, for the State to prove that the accused undertook to possess a place, structure, trailer, or conveyance "knowingly," it must show that the accused acted in accordance with a conscious purpose to achieve the substantive possession of the item in question. Stated differently, the State must show that the accused had the intent to exercise a right of control over a place, structure, trailer, or conveyance with the conscious awareness that he or she is doing so. See generally Richard Sanders, The Knowledge Element in Drug Cases: Some Final Thoughts on Shelton and Adkins, 88 Fla. B.J. 40, 43 n.17 (July/Aug. 2014) (reviewing case law and

---

[6]The legislature eliminated the element that the defendant know of the illicit nature of the contraband effective May 13, 2002. § 893.101, Fla. Stat. (2002); ch. 2002-258, § 1, at 1848, Laws of Fla.; Knight v. State, 186 So. 3d 1005, 1008 n.2 (Fla. 2016).

discussing the mental elements involved in the proof of offenses involving possession of controlled substances).

The majority equates knowing possession with knowledge that the car was present and concludes that "the jury could not have found Mr. Thames to have been in possession of the car he was leaning against and engaging in a drug transaction around without him correspondingly knowing that he was in possession of it." From this assertion about the jury's verdict, the majority leaps to the unwarranted conclusion that "the issue of Mr. Thames' knowledge about his possession of the car was never in dispute." But this assertion, even if the statute is interpreted to equate knowing possession with knowledge of the car's presence, is flawed because the majority focuses on the jury's verdict instead of on the question of what was actually disputed during the trial. The jury's verdict and the disputed issues of fact at the trial—both of which are demonstrable from the record[7]—are obviously two different things.

---

[7]Mr. Thames' direct appeal record shows that he did not concede the element of knowing possession. See Licata v. State, 88 So. 621, 622 (Fla. 1921) ("The plea of not guilty puts in issue every material element of the crime charged in the information . . . ."). Rather, as the majority acknowledges, the direct appeal record shows that Mr. Thames vigorously disputed that he actually or constructively possessed the car. It follows that he disputed that he knowingly possessed the car. See, e.g., Wolfork v. State, 992 So. 2d 907, 910 (Fla. 2d DCA 2008) ("Wolfork's defense at trial was that he did not cause the injury to the victim. Thus Wolfork implicitly argued that he did not intentionally or knowingly cause said injury."). His counsel argued in closing:

> You have heard no information actually, okay, about who was possessing, who was – that Mr. Thames was possessing or Mr. Thames was constructively possessing the vehicle.
>
> All he's doing again is standing next to the vehicle, keep that in mind. The person who is exercising dominion, control, okay, over the vehicle is this other individual. He is

Here, the majority inexplicably seizes on the jury's verdict as a substitute for analyzing the issue about which the parties contended at trial. But the question of whether Mr. Thames' alleged possession of the car was knowing, or with a conscious purpose, was a disputed issue of fact at the trial of this case. Undeniably, the jury's verdict did not change that fact.

---

the one in the video who is opening the door, going inside the vehicle, coming out, okay. Keep that in mind, there is nothing in that video showing Mr. Thames exercising any dominion, any control, anything that would indicate that he's in actual possession of the vehicle. You know, an indication that some expired registration indicating that at some point this vehicle was registered to Mr. Thames again assuming that that registration is for that vehicle because in that video there's no – you're not shown a tag. The vehicle is turned around. But assuming that that is the registration for that vehicle, that in no way is evidence of actual or constructive possession.

The question is at the moment – at that time on January 2 during that video, the incident described in the video or shown or depicted in the video, is Mr. Thames actually or constructively possessing the car. And again, merely standing by is not enough to show that he's in possession of the vehicle. It's not. And the one exercising control, the one exercising control, the one exercising dominion over the vehicle is the other guy. And again that has to be shown in order for you to determine that Mr. Thames was in actual or constructive possession of the vehicle.

Keep in mind that there's been no evidence whatsoever indicating that Mr. Thames drove the vehicle, that he had keys on him for the vehicle, that, you know, any of the other, you know, indicators of control or possession of an item because again control, possession are distinguishable from an ownership interest in something assuming he had one. Two different things, two different concepts. And what the instruction talks about is control, possession, actual constructive possession, no mention of ownership interest whatsoever.

Two examples will suffice to demonstrate how the first knowledge element in section 893.1351(2)—the conscious purpose requirement—operates in practice. A real estate broker tasked to sell a home or commercial building may have a set of keys and access to the property. But absent special circumstances, the real estate broker generally does not possess the property; he or she has no purpose to do so. See Polio v. First Niagra Bank, Nat'l Ass'n, 2014 WL 5099211 *6 (Conn. Sup. Ct. 2014); Knight v. Realty USA.com, Inc., 947 N.Y.S.2d 693, 694 (App. Div. 2012); Christopher v. McGuire, 169 P.2d 879, 881 (Ore. 1946). A house guest or a casual visitor to a residence—even one left alone in the home—has a limited right to access and to occupy the property, but he or she does not "knowingly" possess the premises. Cf. J.S.M. v. State, 944 So. 2d 1143, 1144 (Fla. 2d DCA 2006) (holding that the State had failed to prove that the defendant had dominion and control over contraband because there was no evidence that he was an occupant of a hotel room rather than a guest at a party); Harris v. State, 954 So. 2d 1260, 1262 (Fla. 5th DCA 2007) (holding that a mere visitor to a residence did not have dominion and control over contraband found in the residence where the visitor "was neither an owner nor an occupant of the premises").[8]

These examples demonstrate that the requirement that the accused's possession of the place, structure, trailer, or conveyance be undertaken "knowingly"—i.e., with a conscious purpose—is entirely separate from the requirement that such possession also be accompanied by guilty knowledge. The legislature defined the offense in section 893.1351(2) to require that the State establish both of these elements of knowledge. Moreover, the Florida Supreme Court teaches that we cannot read the

---

[8]For cases involving similar examples, see Sanders, supra.

- 14 -

requirement that an offense be committed "knowingly" out of a criminal statute. Polite v. State, 973 So. 2d 1107, 1112-13 (Fla. 2007). If we do otherwise, "we would be disregarding the maxim of statutory construction that courts are required to give significance and effect to every word or phrase in a statute." Id. at 1113. Accordingly, the requirement that Mr. Thames' possession of the car be undertaken "knowingly," or with a conscious purpose, was pertinent and material to what the jury needed to consider to convict.

## II. DEFICIENT PERFORMANCE

To establish a claim of ineffective assistance of appellate counsel, the petitioner must show that counsel performed deficiently and that "the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result." Downs v. Moore, 801 So. 2d 906, 909-10 (Fla. 2001) (quoting Wilson v. Wainwright, 474 So. 2d 1162, 1163 (Fla. 1985)). "This court applies the law in effect at the time of the appeal to determine whether counsel's performance was deficient" and "current law to determine whether the petitioner is entitled to relief." Horne v. State, 128 So. 3d 953, 956 (Fla. 2d DCA 2013) (citing Brown v. State, 25 So. 3d 78, 80 (Fla. 2d DCA 2009)).

At the time of Mr. Thames' direct appeal, this court had held that fundamental error occurred when jury instructions omitted an element of knowledge of a charged offense and the defendant disputed the omitted element at trial. See Barrientos v. State, 1 So. 3d 1209, 1217-18 (Fla. 2d DCA 2009) (holding that the trial court committed fundamental error by omitting the word "knowingly" from the element of possession in the jury instruction for trafficking in cocaine); Wolfork v. State, 992 So. 2d

- 15 -

907, 910 (Fla. 2d DCA 2008) (holding that the omission of the words "intentionally or knowingly" from the second element of aggravated battery on a law enforcement officer constituted fundamental error); see also Nash, 951 So. 2d at 1004-05. Accordingly, this issue was one that should have been raised under the "prevailing professional norms" of appellate practice. See Morris v. State, 931 So. 2d 821, 828 (Fla. 2006) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). The error in the jury instruction remains fundamental error under current law. See, e.g., Ramroop v. State, 214 So. 3d 657, 665-66 (Fla. 2017) (holding that in a trial for attempted second-degree murder of a law enforcement officer, the jury instruction that omitted the element of knowledge that the victim was a law enforcement officer when the defendant committed the offense was fundamental error and therefore "per se reversible").

### III. CONCLUSION

I would grant the petition, vacate Mr. Thames' judgment and sentence, and remand for a new trial.