# Third District Court of Appeal

## State of Florida

Opinion filed November 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-735
Lower Tribunal No. 06-13152
_____

## Willie Pinson,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Law Offices of Daniel J. Tibbitt, and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

This is an appeal from the denial of a Rule 3.850 motion for postconviction relief. The defendant argues that his trial counsel was ineffective for failing to

object to jury instructions that allegedly contravened State v. Montgomery, 39 So. 3d 252 (Fla. 2010). We affirm.

The defendant was convicted of the second-degree murder of Walter King and the attempted second-degree murder of Cedric Bivens. According to multiple witnesses, including one victim who survived, the defendant shot King and Bivens when they were ten to fifteen feet away from him. The defendant, who also testified at trial, claimed he shot out of fear, without any intent to hit the victims.

After the defendant was found guilty, he appealed and this Court affirmed per curiam in Pinson v. State, 75 So. 3d 739 (Fla. 3d DCA 2011). In December 2013, the defendant filed a Rule 3.850 motion for postconviction relief. Following an evidentiary hearing, the postconviction court denied the motion and this appeal followed. Of the multiple points on appeal, we address one point and affirm all others without further discussion.

The defendant argues that his trial counsel was ineffective because he failed to object to the manslaughter by act and the attempted manslaughter by act jury instructions. By asserting that the jury instructions lacked a fundamental element of the charged offense, namely that the defendant's intentional act must have caused death, the defendant in reality is challenging the substance of the instructions. He is procedurally barred from doing so at this time.

2

The time to raise the adequacy of the instructions was on direct appeal. Having failed to raise the issue then, the defendant cannot raise the issue now under the guise of a claim of ineffective assistance of counsel. As our Supreme Court has held, "[t]he substantive challenges to these jury instructions are procedurally barred because [the defendant] could have raised these claims on direct appeal." Thompson v. State, 759 So. 2d 650, 665 (Fla. 2000); see Israel v. State, 985 So. 2d 510, 520 (Fla. 2008) ("Claims regarding the adequacy or constitutionality of jury instructions should be raised on direct appeal. . . . Moreover, this Court will not consider such procedurally barred claims under the guise of ineffective assistance of counsel."); Rodriguez v. State, 919 So. 2d 1252, 1280 (Fla. 2005) ("Claims regarding the adequacy or constitutionality of jury instructions should be raised on direct appeal.").

Even if the defendant overcomes this procedural hurdle, his claim still fails. The defendant argues that "[b]oth instructions omitted a fundamental element of the offense of voluntary manslaughter, to wit, that the defendant's intentional act must have caused the death." (emphasis in original). But the flaw, if any, in the instructions that he challenges actually benefited the defendant. By making it easier to convict for the lesser charges, the instructions made it more likely that the defendant would be found guilty of the lesser offenses of manslaughter and attempted manslaughter and therefore less likely that the defendant would be found

guilty of the higher offenses of second-degree murder and attempted second-degree murder.

In contrast, the defect at issue in <u>Montgomery</u> made it harder to convict of the lesser offense because "a reasonable jury would believe that in order to convict [the defendant] of manslaughter by act, it had to find that he intended to kill the victim." <u>Montgomery</u>, 39 So. 3d at 257. This increased the chance the jury would reject manslaughter and instead convict for murder. It is the opposite of what occurred here.

Defense counsel's performance cannot be found to be of "such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance," <u>Groover v. Singletary</u>, 656 So. 2d 424, 425 (Fla.1995) (quotation omitted), on the basis that he failed to object to jury instructions that actually benefited the defendant.

Affirmed.