520 So.2d 565 (1988)
Larry Joe JOHNSON, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 71824.
Supreme Court of Florida.
February 24, 1988.
Steven L. Seliger, Quincy, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Larry Joe Johnson, under sentence of death, filed this petition, which we will treat as a petition for habeas corpus, to review the sentencing procedure at his trial, pursuant to the United States Supreme Court decision in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const. Because the governor has signed a death warrant on Johnson subsequent to the filing of his petition, Johnson has also requested this Court to grant a stay of execution. We find no merit in his petition, and accordingly, deny all relief sought.
Johnson was convicted of first degree murder for the March, 1979 shooting death of a gas station attendant in Madison County. The conviction and the sentence of death were affirmed by this Court in Johnson v. State, 442 So.2d 185 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2182, 80 L.Ed.2d 563 (1984). In January 1985, following the signing of a death warrant by Governer Graham, Johnson filed for relief pursuant to rule 3.850 Fla.R.Crim.P., as well as a petition for writ of habeas corpus. That petition alleged that the trial court failed to properly consider the mitigating evidence presented at trial. We denied the petition for writ of habeas corpus and affirmed the denial of relief pursuant to rule 3.850. Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985). The United States Court of Appeals, Eleventh Circuit granted a stay of execution, but later held that Johnson was not entitled to any relief. Johnson v. Wainwright, 778 F.2d 623 (11th Cir.1985).
*566 In this petition,[1] Johnson argues that the trial judge failed to consider the nonstatutory mitigating evidence proffered by Johnson during the sentencing phase. It is undisputed that the judge instructed the jury property under Hitchcock, and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Clearly the instruction permitted the jury to consider evidence of nonstatutory mitigating circumstances. Johnson alleges, however, that the order sentencing him to death demonstrates that the judge nevertheless declined to consider nonstatutory mitigating factors. In so arguing, Johnson points out that the trial judge made no specific reference in his sentencing order to the nonstatutory mitigating factors introduced by Johnson. Essentially, he alleges that there is nothing in the record to indicate that the judge considered the nonstatutory mitigating evidence.
The state argues that the jury instructions constitute ample evidence that the judge knew what he was required to consider, and in fact did consider those circumstances. We agree. We must presume that the judge followed his own instructions to the jury on the consideration of nonstatutory mitigating evidence.[2]
There is nothing in the record to indicate that the judge failed to consider nonstatutory mitigating evidence. On the other hand it is clear that he instructed the jury according to the teachings of Lockett and Hitchcock. When read in its entirety, the sentencing order, combined with the court's instructions to the jury, indicates that the trial court gave adequate consideration to the evidence presented. Accordingly, we deny the petition for habeas corpus, and deny the motion for stay of execution.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Johnson filed this petition under this Court's "all writs" jurisdiction pursuant to article V, section 3(b)(7) of the Florida Constitution. We choose to treat this petition as one for a writ of habeas corpus, and accordingly deny the state's motion to dismiss for lack of jurisdiction.
[2] The state has attached to its response an affidavit from the trial judge stating that he did consider the nonstatutory mitigating evidence proffered by Johnson. This affidavit is not properly before this Court on appeal and is not part of the record. Therefore we will not consider it, and it forms no basis for our opinion.