582 So.2d 610 (1991)
Burley GILLIAM, Appellant,
v.
STATE of Florida, Appellee.
No. 73144.
Supreme Court of Florida.
May 2, 1991.
Rehearing Denied August 6, 1991.
*611 Robin H. Greene of the Law Offices of Robin H. Greene, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., Miami, for appellee.
SHAW, Chief Justice.
Burley Gilliam appeals his conviction for first-degree murder, sentence of death, and consecutive life sentence for sexual battery. Our jurisdiction is mandatory. Art. V, § 3(b)(1), Fla. Const. We affirm the convictions and death sentence, but remand for resentencing for the sexual battery.
The victim, Joyce Marlowe, was last seen alive on the evening of June 8, 1982, in the company of appellant. That same evening, Burroughs, fishing on a lake, heard a woman screaming. When he arrived on shore, he found a truck (later identified as one Gilliam was driving) stuck in the sand, and its driver acting "very very nervous," but otherwise sober and normal. The next day Burroughs noticed that the lake area was roped off, and was told by police that a woman had been raped and murdered.
Appellant gave several accounts of his activities on the day of the murder to Detective Merrit, and in so doing stated that he and the victim were swimming in the lake and he ducked her under too long; he attempted resuscitation, but was unsuccessful.
Appellant raises six points on appeal. First, he argues that it was error to deny his motion to recuse the trial judge. We disagree. To justify recusal, a motion must be well-founded. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). Merely receiving adverse rulings is not a ground for recusal. See Tafero v. State, 403 So.2d 355, 361 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982). We find the allegations here insufficient.
Second, appellant asserts that it was error to deny his request for postverdict interviews. We find no error here. No affidavits were attached to the motion demonstrating personal knowledge of misconduct by any juror. Appellant failed to establish a prima facie case of any juror's exposure to an allegedly prejudicial newspaper article. The jury was sworn on June 8, 1988; appellant filed a motion to recuse on June 13, and that same day the Miami Herald published an article regarding the motion; the jury convicted appellant on June 17, and recommended death on June 20; on June 23, one of the jurors wrote a letter to the judge complimenting him on his performance during a difficult trial. The juror's letter contained the handwritten postscript: "after this letter was typed I was given the Herald article... ." These facts justify the conclusion that the letter came after the juror had rendered her verdict and advisory recommendation, and had been dismissed.
Appellant next argues that the trial court improperly found the murder heinous, atrocious, or cruel.[1] We disagree. The victim sustained brutal injuries. The medical experts testified that death was caused by strangulation; the victim had injuries to her face, neck, breast, shins, arms, rectum, and vagina; she had bruises from being grabbed; one of her nipples was almost bitten off by appellant; from the anal rape there were tears extending through the anal and rectal region, including into the skin surrounding the anus (where, in the words of the trial judge, she was in effect torn apart); there was hemorrhaging from the vagina to the neck of the urinary bladder; and the victim was alive when these injuries were inflicted. We reject appellant's argument that the victim's consciousness was insufficiently proved. *612 The medical examiner testified unequivocally that there was no injury to the victim's brain or the tissue surrounding it, that the victim died of strangulation, and that the victim's injuries were sustained while she was alive.[2] The victim sustained numerous bruises to her upper arm, wrist, and leg from being grabbed. Furthermore, a woman's screams were heard in the vicinity at the time of the murder. In arriving at a determination of whether an aggravating circumstance has been proved the trial judge may apply a "common-sense inference from the circumstances," Swafford v. State, 533 So.2d 270, 277 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989), and the common-sense inference from these facts is that the victim struggled with her assailant and suffered before she died. We find no abuse of discretion. Grossman v. State, 525 So.2d 833, 841 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989).
Appellant urges that it was error to admit, during the penalty phase of his trial, a hearsay report of his attack upon his infant son, without an opportunity for rebuttal. We agree the admission of this report was error, but because it was not presented to the jury and was not used to aggravate appellant's sentence, we find it harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Appellant's penultimate argument is that the sentencing order does not reflect reasoned judgment because it fails to enumerate the statutory mitigating factors on which he presented evidence. We find the sentencing order sufficient. The order recites the statutory aggravating circumstances that were found proved, and the reasons supporting the findings. The order also recites the nonstatutory mitigating circumstances that the court found proved. In view of the trial judge's findings regarding nonstatutory mitigating circumstances, we can assume he followed his own instructions to the jury in considering the statutory mitigating circumstances, despite the fact that he did not enumerate them. As we noted in Johnson v. Dugger, 520 So.2d 565, 566 (Fla. 1988): "When read in its entirety, the sentencing order, combined with the court's instructions to the jury, indicates that the trial court gave adequate consideration to the evidence presented." Appellant nevertheless argues that our recent decision in Campbell v. State, 571 So.2d 415 (Fla. 1990), issued after the order under review was rendered, requires a different result. Campbell directs that "the sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence and whether, in the case of nonstatutory factors, it is truly of a mitigating nature." Id. at 419 (footnote omitted). It is unnecessary for us to reach the question whether this order complies, because Campbell is not a fundamental change of law requiring retroactive application. As we said in Witt v. State, 387 So.2d 922, 929 (Fla. 1980), only "fundamental and constitutional law changes which cast serious doubt on the veracity or integrity of the original trial proceeding"  in effect, "jurisprudential upheavals"  require retroactive application; "evolutionary refinements" do not.
As his final point, appellant argues that it was error to impose a more severe sentence upon reconviction for sexual battery, where no reasons for doing so appear in the record. We agree. The due process clause of the fourteenth amendment requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives upon reconviction, and that the defendant must be freed of the apprehension of retaliatory motivation on the part of the sentencing judge. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In order to assure the absence of such motivation, the Supreme Court has concluded:
[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so *613 must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Id. at 726, 89 S.Ct. at 2081. See also Wasman v. United States, 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984) (a judge must state on the record the reasons for enhancing the sentence to permit appellate review). After appellant's first trial,[3] the court imposed the death penalty for murder and a concurrent life sentence for sexual battery. After retrial, the court again imposed the death penalty, but sentenced appellant to a consecutive life sentence for the sexual battery, and gave no reasons for the more severe sentence. The consecutive sentence for sexual battery therefore must be reversed and remanded for imposition of a concurrent sentence. Pearce; Wasman; Roberson v. State, 258 So.2d 257 (Fla. 1971), cert. denied, 409 U.S. 885, 93 S.Ct. 112, 34 L.Ed.2d 141 (1972).
For the foregoing reasons, we affirm the convictions and death sentence, and remand for resentencing for the sexual battery consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] § 921.141(5)(h), Fla. Stat. (1981). Two additional aggravating circumstances were found: the defendant was previously convicted of a felony involving violence to the person; the murder was committed in the commission of a sexual battery. Id. § 921.141(5)(b), (d). Two nonstatutory mitigating circumstances were found: appellant was brought up in a broken home and subjected to physical abuse; appellant's family desired that his life be spared. The jury recommended the death penalty by a 10-2 vote, which the judge imposed.
[2] The medical examiner could not say whether or not the victim was conscious.
[3] Appellant, in his first trial, proceeded pro se with standby counsel and was convicted of first-degree murder and sexual battery. On direct appeal, we reversed and remanded appellant's case for a new trial because he was denied the right to challenge jurors before they were sworn. Gilliam v. State, 514 So.2d 1098 (Fla. 1987).