640 So.2d 1077 (1994)
Tommy Sands GROOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 79199.
Supreme Court of Florida.
May 5, 1994.
Rehearing Denied August 15, 1994.
Michael J. Minerva, Capital Collateral Representative, Gail E. Anderson and Harun Shabazz, Assistant Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Tommy Sands Groover, a prisoner under two sentences of death, appeals the trial court's denial of his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction based on article V, section 3(b)(1) of the Florida Constitution. We affirm the trial court and deny relief on each of the four claims Groover raises.[1]
Groover was convicted of three counts of first-degree murder. He was sentenced to *1078 death on two counts and to life imprisonment on the third count. This Court affirmed the convictions and sentences. Groover v. State, 458 So.2d 226 (Fla. 1984), cert. denied, 471 U.S. 1009, 105 S.Ct. 1877, 85 L.Ed.2d 169 (1985). This Court subsequently denied Groover's first motion to vacate judgment and sentence pursuant to Rule 3.850. Groover v. State, 574 So.2d 97 (Fla. 1991); Groover v. State, 489 So.2d 15 (Fla. 1986).
We find procedural bars or no merit to the four claims Groover raises on this appeal.[2] We address only two issues.
First, Groover argues that his death sentences are neither individualized nor reliable because the trial court failed to consider nonstatutory mitigation. Thus, he argues, the sentences violate Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), and its progeny. Hitchcock requires an advisory jury and the sentencing judge to consider nonstatutory mitigating circumstances. Id. at 398-99, 107 S.Ct. at 1824-25.
We rejected Groover's argument on direct appeal that the trial court failed to consider nonstatutory mitigating evidence. Groover, 458 So.2d at 229. We also found meritless Groover's claim on his first 3.850 motion that his trial counsel was ineffective for failing to present more evidence in mitigation during sentencing proceedings. Groover, 489 So.2d at 16.
Although Hitchcock had not been decided when Groover was sentenced, the record reflects that the trial court considered nonstatutory mitigation when it sentenced Groover to death. In its jury instructions during the penalty phase, the court told jurors to consider statutory aggravating and mitigating factors and added, "[a]nd you may also consider any other circumstances of the offenses." In its sentencing order, the trial court summarized the statutory mitigating and aggravating circumstances, but not the nonstatutory mitigators. However, the order says:
Before imposing sentence, this Court has carefully studied and considered all the evidence and testimony at trial and at advisory sentencing proceedings, the Presentence Investigation Report, the applicable Florida Statutes, the case law, and all other factors touching upon this case.

(Emphasis added.)
When a trial judge instructs a jury that it can consider nonstatutory mitigating evidence, "[w]e must presume that the judge followed his own instructions to the jury... ." Johnson v. Dugger, 520 So.2d 565, 566 (Fla. 1988).[3] That presumption is buttressed in this case by the fact that the sentencing jurors recommended two life sentences for Groover. The trial judge overrode only one of those life sentences. Because the trial judge did not find any statutory mitigating factors, it seems clear that he took into account nonstatutory mitigation when he imposed one life sentence.
Second, Groover argues that the trial court erred by adopting the State's proposed order denying relief on his 3.850 motion. We find no due process problems similar to those in Rose v. State, 601 So.2d 1181 (Fla. 1992), and Huff v. State, 622 So.2d 982 (Fla. 1993), and thus find no merit to Groover's argument.
In Rose the defendant was not served with a copy of the State's proposed order, which the trial court adopted in its entirety, and did not have an opportunity to object. 601 So.2d at 1182. Under the circumstances, this Court assumed ex parte communication between the trial court and the State. Id. at 1183. In Huff the State submitted a proposed order denying Huff all relief on his 3.850 motion. 622 So.2d at 983. Huff's counsel received a copy of the motion, but did not have a chance to raise objections or to submit an alternative order. Id. There was no hearing in either Rose or Huff.
*1079 In the instant case, the trial judge signed the State's proposed order three days after Groover's counsel received a copy. Although Groover did not have the chance to prepare an alternative order, we find no due process violation. Groover's counsel had an opportunity to argue all issues in a brief responding to the State's motion to dismiss and, more significantly, in a hearing held before the trial court signed the order.
Accordingly, we affirm the trial court's denial of all relief.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] Groover raises these issues: (1) whether he was denied due process when the circuit court signed the State's proposed order denying relief without giving him a chance to object; (2) whether he was denied a full and fair hearing on two motions to disqualify the circuit judge; (3) whether his death sentences were unconstitutional because the sentencing judge did not consider nonstatutory mitigating factors; and (4) whether errors in the sentencing phase deprived him of a fair trial.
[2] We find no merit to issues (1) through (3). We find all subissues raised in issue (4) to be procedurally barred.
[3] The trial court was not required to recite in its order the nonstatutory mitigators it considered. We have held that our decision in Campbell v. State, 571 So.2d 415, 419 (Fla. 1990), which requires an evaluation of all mitigating factors, is not retroactive. Gilliam v. State, 582 So.2d 610, 612 (Fla. 1991).