BLUE, Acting Chief Judge.
Willie L. Ledbetter timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of all his grounds except ground five. On that ground only, we reverse and remand for further proceedings.
In ground five, Ledbetter alleges that he received ineffective assistance of counsel because his attorney failed to investigate, interview, and depose a specified witness. The motion includes details of the witness’s alleged testimony which, if true, might exculpate Ledbetter. Therefore, the motion is facially sufficient. See Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989).
Counsel’s failure to properly investigate a defense witness is properly raised by a post-conviction relief motion. See Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987). The order denying the motion fails to attach .any *741 portion of the record or file that reflates this allegation. Accordingly, we reverse and remand with instructions to reconsider this ground and to attach those portions of the file and record which conclusively show that Ledbetter is not entitled to relief, or, alternatively, to grant an evidentiary hearing.
Affirmed in part, reversed in part, and remanded with directions.
FULMER and WHATLEY, JJ., concur.