PARKER, Acting Chief Judge.
Anthony G. Lages appeals the trial court’s order which summarily denied his petition to disqualify the trial judge and summarily de *969 nied his motion for posteonviction relief. We reverse because the petition to disqualify the trial judge was legally sufficient.
Lages filed his motion for posteonviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising sixteen issues. On the same day, Lages filed an eight-page petition to disqualify Judge William J. Nelson from hearing the motion. Judge Nelson was the trial judge who presided over Lages’ trial and sentencing. The sworn petition listed several alleged statements by Judge Nelson made during trial and the transcript page numbers where Lages swears- those statements occur. Lages asserted that Judge Nelson’s statements and his trial demeanor reflected partiality toward the state and prejudice against Lages so strong to affect Judge Nelson’s objectivity in assessing the motion for posteonviction relief.
Judge Nelson entered one order which denied both the petition to disqualify and the motion for posteonviction relief. Judge Nelson denied the petition to disqualify as legally insufficient. Although the order lists no specifics as to why the petition was legally insufficient, the state’s response to the petition asserted that the petition was legally insufficient because:
Florida Statute 38.10 sets out the procedural requirements with which a petitioner must comply in an effort to disqualify a judge for prejudice. One of the requirements is that a supporting affidavit “shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.” The language is mandatory rather than permissive. Defendant has not complied with the requirement and the Petition is procedurally barred.
We conclude that neither section 38.10, Florida Statutes (1995), nor Florida Rule of Judicial Administration 2.160 require an incarcerated indigent defendant who is not represented by an attorney to file an attorney’s good-faith certification with the petition to disqualify. Lages filed a motion to proceed in forma pauperis in which he swore that he was indigent and had no income or property which would permit him to employ an attorney in this case. He also filed an affidavit of insolvency for purpose of appeal. The record does not reflect that there has been any challenge to Lages’ assertion of insolvency, ■ and the clerk of court has furnished the record for this appeal without any indication of Lages’ payment of costs. Therefore, if Judge Nelson’s order was based upon lack of an attorney’s certification, we conclude that Judge Nelson erred in finding Lages’ petition to disqualify legally insufficient. With no attorney and no funds to employ an attorney, we conclude that Lages is entitled to file a petition to disqualify the trial judge without an affidavit or certificate filed by an attorney.
We further conclude that the petition to disqualify Judge Nelson is legally sufficient. A petition to disqualify a judge is legally sufficient if the facts alleged demonstrate that the moving party has a well-grounded fear that he will not receive a fair hearing at the hands of the judge. Cave v. State, 660 So.2d 705 (Fla.1995). We do not reach any decision as to the truthfulness of the facts alleged by Lages. We conclude only that the petition is legally sufficient. Accordingly, we reverse the order denying the motion for disqualification and the motion for posteonviction relief and direct the chief judge of the circuit to assign a different judge to hear the motion for posteonviction relief. See Livingston v. State, 441 So.2d 1083 (Fla.1983); Dykes v. Dykes, 653 So.2d 497 (Fla. 5th DCA 1995).
To aid the trial judge in considering the motion for posteonviction relief and in the interest of judicial efficiency, we note that it appears that eleven of the issues Lages raised were either addressed on direct appeal, see Lages v. State, 640 So.2d 151 (Fla. 2d DCA 1994), or are without merit. The remaining five issues which relate to ineffective assistance of counsel will require the trial court to refute them by attaching portions of the record supporting denial or by granting Lages an evidentiary hearing. See Ledbetter v. State, 681 So.2d 740 (Fla. 2d DCA 1996). Those issues are: (1) the defense attorney conceding in opening statement to the jury that Lages was guilty of six of the eight charged felonies; (2) the defense attorney’s failure to impeach the alleged vie- *970 tim of the sexual battery; (3) the defense attorney's failure to depose and cross-examine the state’s expert medical witness; (4) the defense attorney’s failure to object to the prosecutor’s opening and closing arguments; and (5) the defense attorney’s failure to request a jury instruction on a lesser included offense of attempted sexual battery.
Reversed.
LAZZARA and WHATLEY, JJ., concur.