692 So.2d 976 (1997)
Robbyn RUCKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-01027.
District Court of Appeal of Florida, Second District.
April 30, 1997.
Keith F. Roberts, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Robbyn Rucks has petitioned this court for a writ of prohibition to prevent the respondent trial judge from presiding over further proceedings in her case. We hold that the motion and affidavit Rucks filed in the trial court to disqualify the sitting judge were facially sufficient, and that the court erroneously denied the motion. Accordingly, we grant the petition.
While on probation for dealing in stolen property, Rucks became embroiled in a dispute with the seventeen-year-old daughter of her live-in female companion. The disagreement, which began as a difference of opinion over the performance of household chores, became physical and attracted a police response. As a consequence, Rucks was charged with misdemeanor battery (domestic violence). Thereupon, her probation officer filed an affidavit alleging that she had violated the conditions of her felony supervision.
After testimony was offered at a contested hearing, the court found her to be in violation of her supervision.[1] The court revoked Rucks' probation and sentenced her to confinement in the Hillsborough County Orient Road Jail.
Rucks thereafter filed a motion to disqualify the judge. In her motion and supporting affidavit, she averred that remarks made by the judge following the close of testimony on the probation violation put her in fear that the judge was prejudiced against her because of her sexual orientation and her live-in relationship *977 with her partner, both of which were disclosed during the testimony. She expressed her belief that the judge's prejudice had caused him to sentence her harshly, and would render him incapable of fairly considering her planned motion to mitigate the sentence. The judge denied the motion for disqualification as legally insufficient.
Appended to and incorporated in Rucks' affidavit in support of the disqualification motion was a transcript of the probation violation hearing. At the conclusion of the testimony the judge observed, "I'll tell you, ma'am. This is a sick situation." And: "I've seen a lot of sick situations since I've been in this court. I've been in this profession for 27 years and this ranks at the top." The judge repeated the sentiment of this comment a third time. After announcing the sentence, the judge concluded with the observation that "[i]f this is the family of 1997, heaven help us."
Rucks buttresses her assertion that the foregoing comments reveal a prejudice on the part of the trial judge with the observation that the facts adduced at the contested violation hearing disclosed an unremarkable domestic dispute routinely seen in county criminal courts.[2] What aspect of Rucks' case could have affronted the trial judge so dramatically, she asks, if not the fact that this household consists of a same-sex couple?
Section 38.10, Florida Statutes (1995), embodies the substantive right to pursue the disqualification of a trial judge, and Florida Rule of Judicial Administration 2.160 prescribes the attendant procedure. See Rogers v. State, 630 So.2d 513, 515 (Fla.1993). To achieve a judge's disqualification, the movant need not prove that the judge is actually prejudiced. Rather, the motion and accompanying affidavit are legally sufficient, and disqualification is mandated, if the facts alleged demonstrate merely that the movant has a well-grounded fear that he or she will not receive a fair trial at the hands of the judge. Cave v. State, 660 So.2d 705, 708 (Fla.1995). The same principles apply if the motion to disqualify the trial judge is filed after judgment; the protections of section 38.10 are not confined to fair treatment in the context of a trial. Lages v. State, 685 So.2d 968 (Fla. 2d DCA 1996).
Guided by the foregoing principles, we decline to speculate about why this case was so distasteful to the trial judge that he was prompted to characterize it as the "sickest situation" he had encountered in twenty-seven years as an attorney and judge. Instead, we must assess the reasonableness of Rucks' apprehension that the judge was offended not by her violation of probation, or by the underlying crime for which it was originally imposed, but by her homosexual lifestyle in which she shared her live-in companion's child-rearing responsibilities.
When making that assessment, we disregard the judge's sentencing decision. Adverse judicial rulings cannot form the basis of a successful petition for writ of prohibition. Gilliam v. State, 582 So.2d 610 (Fla. 1991). Instead, we focus on the judge's comments at the violation of probation hearing, and the context in which they were made. While it is possible that reasonable people could differ on what motivated the trial judge's revulsion, we hold that Rucks' fear of unfair treatment at the hands of the judge based on his record comments is well-grounded. Her motion stated a facially sufficient claim for disqualification.
In response to our order to show cause, the State contests Rucks' representation that she has already filed a motion to mitigate her sentence. The State argues that the absence of any pending action in this criminal case renders Rucks' petition moot. This factual disagreement is irrelevant to our resolution of this matter. The absence of any pending action in a case before the challenged judge may play a role in determining which writ is utilized to seek redress, but it will not foreclose the provision of relief. See Barber v. MacKenzie, 562 So.2d 755 (Fla. 3d DCA 1990) (explaining that certiorari, and not prohibition, *978 is the appropriate vehicle to review the denial of disqualification when the challenged judge has rotated to a new division and will not be presiding over the case in the future), rev. denied, 576 So.2d 288 (Fla.1991). Florida Rule of Judicial Administration 2.160(h), which codifies the common law discussed in Barber, provides that upon the appointment of a successor judge the moving party may seek reconsideration of prior factual and legal rulings by the disqualified judge. Clearly, then, Rucks' petition would not be moot even if the State were correct in its assertion that there is no pending action in her criminal case, for upon the respondent judge's disqualification and the appointment of a successor, Rucks would still have the right to seek reconsideration of the disqualified judge's prior rulings. See Barber, 562 So.2d at 756-57 (applying common law rule). Regardless, in our view, Rucks' stated intention to pursue mitigation of her sentence is sufficient to state a claim for relief through prohibition.
We grant the petition for writ of prohibition, but withhold issuance of a formal writ on the assumption that the trial judge will remove himself from Rucks' case and that a substitute judge will be assigned to preside over any further proceedings in the case.
SCHOONOVER, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.
NOTES
[1] The trial judge found that Rucks had not committed two technical violations alleged in the probation officer's affidavit. But, after hearing conflicting testimony as to which combatant was the aggressor, the judge concluded that Rucks had committed a battery during the confrontation with her companion's daughter.
[2] Only minor injuries were inflicted in the struggle. While we bemoan the fact that this domestic dispute can be regarded as "unremarkable," we note that Rucks qualified for, and was admitted to, a diversionary intervention program for the substantive misdemeanor battery charge that served as the basis for the violation of her felony probation.