732 So.2d 449 (1999)
Gregory CURRELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01442.
District Court of Appeal of Florida, Second District.
May 5, 1999.
*450 James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Tampa, for Appellee.
CASANUEVA, Judge.
Gregory Currelly appeals the summary denial of grounds II, III, and IV of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds III and IV, but reverse the denial of ground II, and remand for further proceedings as to it.
In ground II, Mr. Currelly asserted that he received ineffective assistance of counsel because trial counsel failed to interview certain enumerated alibi witnesses who would have corroborated another exculpatory witness had they been called at trial. We determine that his motion is legally sufficient and should not have been summarily denied. See Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987); Ledbetter v. State, 681 So.2d 740 (Fla. 2d DCA 1996); Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989). On remand, the trial court shall hold an evidentiary hearing on ground II.
Mr. Currelly also asserts that the trial court attached the wrong judgment and sentence to its order denying postconviction relief. That may be so but this issue has no merit because Mr. Currelly has made no showing that the Department of Corrections is keeping him in prison under that attached and allegedly wrong judgment and sentence or that he is entitled to any relief.
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and WHATLEY, J., Concur.