GREEN, Judge.
Kashena Speights appeals the summary denial of her motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Speights, at age seventeen, pleaded guilty to attempted second-degree murder with a firearm and possession of a firearm by a convicted felon. She was sentenced to ten years in prison. Speights alleged that the shooting was accidental and that she entered a guilty plea because her attorney misadvised her of the consequences of invoking her right to a jury trial and also failed to investigate the case adequately.
Speights alleged that her trial counsel was ineffective in misadvising her concerning the length of her sentence if she chose to go to trial and was convicted as opposed to the length of her sentence if she pleaded guilty. Speights stated that her trial counsel told her that if she was tried and convicted she would be sentenced to thirty years in prison, and if she pleaded she would be sentenced as a youthful offender to six years. The trial court denied this claim on the grounds that it was refuted by the transcript of the plea hearing.
The plea hearing transcript reflects that the trial court questioned Speights regarding whether anyone had made any representations to her about how much time she would have to serve in prison if she pleaded guilty to the charges, and Speights answered no. Consequently, this allegation is refuted by the record, and the trial court’s denial of this portion of Speights’s claim is affirmed.
However, nothing in the transcript refutes Speights’s claim that her attorney told her that she would be sentenced to thirty years if she insisted on going to trial and was convicted. Accordingly, the trial court must reconsider this issue, and conduct an evidentiary hearing on it if no documents in the court file specifically refute it. See Johnson v. State, 736 So.2d 713 (Fla. 2d DCA 1999).
Speights’s second claim was that her trial counsel was ineffective by failing to adequately investigate the case by neglecting to interview two witnesses. She named the witnesses and alleged that they would have described “what actually happened” and maintained that this information would be contrary to the information presented to the trial court. The trial court correctly found that this was not a facially sufficient claim because Speights did not allege what the testimony of these witnesses would have been. See Ledbetter v. State, 681 So.2d 740 (Fla. 2d DCA 1996).
One of the witnesses, Speights’s sister, Crystal Speights, was interviewed by law enforcement and a transcript of the interview is in the court file. According to the statement she was not present at the *933 shooting. Consequently, her testimony could not have supported Speights’s claim that the shooting was accidental. In addition, the statement was provided to Speights’s trial counsel, and his failure to interview the witness again was not ineffective.
The second witness is Caleta Rowshel Howard. Nothing in the record indicates that this witness was interviewed by trial counsel. Speights’s claim concerning this witness is affirmed, and she may file an amended rule 3.850 motion in which she provides the substance of Howard’s potential testimony and describes how her counsel’s failure to examine this witness affected the outcome of the proceedings. See Austin v. State, 762 So.2d 558 (Pla. 4th DCA 2000).
Affirmed in part, reversed in part, and remanded with directions.
BLUE, A.C.J., and FULMER, J., Concur.