804 So.2d 457 (2001)
Antonio HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1132.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
*458 Antonio Harris, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We review the order denying appellant's rule 3.850 motion for post-conviction relief and conclude that the trial court erred in summarily denying one of the twelve claims alleged in appellant's motion.
The first claim in appellant's motion alleged the ineffectiveness of his attorney for failing to call an alibi witness. This claim was not conclusively refuted by the exhibits attached to the state's response and expressly incorporated in the trial court's order. Accordingly, we reverse the order denying relief on this claim and remand for an evidentiary hearing or attachment of further record support on this claim. We affirm as to all other claims of ineffective assistance of counsel raised in the motion.
Appellant was convicted of one count of attempted second degree murder and one count of armed robbery. In his post-conviction motion, he alleged that his lawyer was ineffective in failing to interview and call an alibi witness, William Thompson. Appellant said that he had advised his lawyer that Thompson would testify that he and Thompson were at a party when the robbery and shooting allegedly occurred. The state responded that Thompson's testimony would have been cumulative because another alibi witness, Charleston Pine, testified at his trial. However, appellant pointed out that Pine was his half-brother and the prosecutor attacked Pine's credibility because of their familial relationship. The prosecutor told the jury that "blood is thicker than water." Because of this suggestion of bias, appellant asserts that his attorney should also have called Thompson, a non-family member, to corroborate and lend credence to his alibi.
Based on the record before this court, it appears that the failure to call this alibi witness could have affected the outcome of this case. See Reid v. State, 682 So.2d 194 (Fla. 4th DCA 1996). A defendant is entitled to relief on the basis of *459 ineffective assistance of counsel where there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
On remand, the trial court is directed either to attach further record excerpts supporting its order of denial or to conduct an evidentiary hearing on appellant's first claim of entitlement to postconviction relief.
AFFIRMED in part, REVERSED in part and REMANDED.
POLEN, C.J., WARNER and TAYLOR, JJ., concur.