PER CURIAM.
We review the order denying Elvestre Toussaint’s rule 3.850 motion for post-conviction relief and conclude that the trial court erred in summarily denying one of the three claims alleged in appellant’s motion.
Toussaint was charged, and convicted of sexual battery upon a person less than 12 years old. Toussaint argued in point one that trial counsel was ineffective having failed to present an alibi defense based on Toussaint’s work schedule during the month in question.
Toussaint alleges that his employers could have demonstrated that he was at work or en route to work at the time and therefore could not have committed the offense. Toussaint alleges further that he advised counsel of such during a pretrial visit, detailing the names of his employers.
This legally sufficient claim was not conclusively refuted by the exhibits attached to the state’s response and expressly incorporated in the trial court’s order. Evidence of Toussaint’s work schedules from his employers, non-family members, would have given credence to the information. Harris v. State, 804 So.2d 457 (Fla. 4th DCA2001).
Accordingly, we reverse the order denying relief on this claim and remand for an evidentiary hearing. We affirm as to all other claims of ineffective assistance of counsel raised in the motion.
GUNTHER, SHAHOOD and GROSS, JJ., concur.