PER CURIAM.
J.R. files a petition for writ of prohibition to bar the circuit court from continuing to preside over his delinquency proceeding. We grant the writ.
At an adjudicatory hearing, the court found fourteen year old J.R. guilty of possessing a razor blade on middle school property. In a written statement, the juvenile explained that he had forgotten to *834 remove the razor blade from his pants from the day before.
The motion for disqualification was based on the judge’s comments about J.R.’s attire during the adjudicatory hearing, which focused on J.R. wearing all black clothing, having black fingernails, and sporting a pierced ear. The judge asked J.R. if he was “wearing all black that day too?.... Is that the color you like going with? Black all the time?” The child then named several other colors that he also wore.
After a case manager told the judge that the child was not a danger to society, the judge appeared to question that assessment:
Well, you’re all telling me no; he’s walking around with a razor in his pocket; he’s wearing black; his fingernails are black; he’s got that thing in his ear ... I think if you look around at all the kids that are doing things in school, they’re dressing this way.
The child’s mother told the judge that the child had never been in a fight or hurt himself or anyone else. Defense counsel argued that the child’s manner of dress should not be taken into account; counsel reminded the judge that the child had no criminal or violent history. Counsel argued that the fact that the child “dresses in a certain way or that he has a piercing should not be taken into consideration at all with regards to sentencing ...”
The state disagreed, as did the judge, who further commented:
I mean, I’m no expert. I just know what I read in the papers, but it’s like Columbine,[1] right? He’s dressed in black ... He’s depressed.
When defense counsel told the judge that the events of Columbine should not be taken into account, the judge replied, “Well, I don’t agree with you.”
The sentencing was set for a later date.
Florida Rule of Judicial Administration 2.330(f) requires a trial judge to “determine only the legal sufficiency” of a motion to disqualify. If a motion is “legally sufficient,” the judge “shall immediately enter an order granting disqualification and proceed no further in the action.” Id. A motion is “legally sufficient” if it shows the party’s well-grounded fear that the party will not receive a fair trial. See Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983). Ruling on a disqualification motion “ ⅛ not a question of how the judge feels; it is a question of what feeling resides in the [movant’s] mind and the basis for such feeling.’ ” Wargo v. Wargo, 669 So.2d 1123, 1124 (Fla. 4th DCA 1996) (quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938)). Whether a motion is legally sufficient is a question of law that is reviewed by an appellate court de novo. See Arbelaez v. State, 898 So.2d 25, 41 (Fla.2005).
Rucks v. State, 692 So.2d 976 (Fla. 2d DCA 1997), is similar to this case in that it involves a judge’s comments about a defendant’s lifestyle that would put a reasonable person in fear of not receiving a fair and impartial hearing. The judge in Rucks found that a female defendant violated conditions of probation by committing a battery on the daughter of the defendant’s live-in, female companion. The only aspect of the case that distinguished it from an ordinary domestic dispute was that the case involved a same-sex couple. After the close of the testimony, the judge’s comments reasonably put the defendant in *835 fear that he was prejudiced against her because of her sexual orientation. The judge said: “I’ll tell you, ma’am. This is a sick situation;” “I’ve seen a lot of sick situations since I’ve been in this court. I’ve been in this profession for 27 years and this ranks at the top;” “If this is the family of 1997, heaven help us.” Id. at 977. The second district granted the defendant’s petition for writ of prohibition, finding that the defendant reasonably believed “that the judge was not offended by her violation of probation, or by the underlying crime for which it was originally imposed, but by her homosexual lifestyle in which she shared her live-in companion’s child-rearing responsibilities.” Id.
J.R.’s case is similar to many cases in juvenile court. The judge’s comments comparing his dress to students who create trouble in school, particularly those who caused the tragedy at Columbine, made it reasonable for J.R. to fear that he would be more harshly sentenced due to his appearance, apart from the facts of his case.
The writ of prohibition is granted.
KLEIN and GROSS, JJ., concur.
STONE, J., dissents with opinion.

. We assume that the judge was referring to the 1999 incident at Columbine High School in Littleton, Colorado, where two students shot to death twelve students and a teacher and wounded twenty-four others before committing suicide themselves.