962 So.2d 1004 (2007)
Cyntwynet SAUNDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5586.
District Court of Appeal of Florida, Second District.
August 8, 2007.
CASANUEVA, Judge.
Cyntwynet Saunders appeals the summary denial of her motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Her motion raised five grounds, and we affirm the denial of four claims without comment. As to her contention that her counsel was ineffective for failure to investigate and call alibi witnesses, we hold that the attachments to the postconviction court's order do not conclusively refute this claim and remand for further proceedings.
Ms. Saunders was charged with and convicted of three counts of sale of cocaine and three counts of possession of cocaine for offenses occurring on three separate days in February 2003. She was sentenced to concurrent five-year prison terms on all counts. Her direct appeal was affirmed by this court, following which she filed this timely motion for postconviction relief.
At trial, the State attempted to prove that Ms. Saunders, allegedly known as "Little Lisa" on the street, sold cocaine to an undercover detective who used a confidential informant to set up controlled buys. During proceedings immediately prior to trial, Ms. Saunders' counsel reported to the court that she was the third attorney on this case, that she had been appointed *1005 approximately ninety days previously, and that she was not prepared to go to trial. A prior attorney had filed a notice of alibi, which the State contested as procedurally insufficient. The State attempted to exclude the testimony of an alibi witness known as Barbara, the manager of the Days Inn motel at which Ms. Saunders was employed. Defense counsel stated that Barbara, whom she had tracked down at home and interviewed only a day prior to trial, would verify that her client was at work when the undercover transactions allegedly occurred. The trial court ultimately allowed Barbara to testify.
In her postconviction motion, Ms. Saunders alleged that her attorney was ineffective for failing to investigate and call five additional alibi witnesses who were available for trial and who would have testified that she was actually working at the Days Inn on the dates alleged in the information. In accordance with the State's response, the postconviction court denied this claim, attaching transcript excerpts demonstrating that Barbara did testify as an alibi witness at trial and that these additional witnesses would have added only cumulative testimony.
We have examined the attachments to the postconviction court's order and find that they do not conclusively refute Ms. Saunders' assertion. Although Barbara did supply an alibi for Ms. Saunders, her testimony raised some questions and was diminished by the fact that one of the days for which she was providing an alibi was actually her day off from work. The defense attorney attempted to strengthen the evidence by eliciting Barbara's further declaration that she would always go to work, even on her days off, particularly on Mondays. She would monitor employees all day long as if it were a regular work day. She did not clock in on her days off, and she would leave it to an assistant manager to report the employees' work hours, so the Days Inn records would not support her assertion that she was there on her day off. Thus, Barbara did not provide a particularly strong alibi for one of the days in question, and her assertions might have caused the jury to question her credibility.
As it stood, Barbara's alibi testimony could have been bolstered with the corroborative testimony of another witness who was actually scheduled to and did work at the Days Inn on the day of the offense. In Currelly v. State, 732 So.2d 449, 450 (Fla. 2d DCA 1999), this court reversed the summary denial of a postconviction claim that trial counsel was deficient for failure to call witnesses who would corroborate another witness's exculpatory testimony. Cf. Harris v. State, 804 So.2d 457, 458 (Fla. 4th DCA 2001) (holding that because there was a suggestion of bias in the alibi witness's testimony, an assertion that trial counsel should have called another alibi witness for corroboration was facially sufficient).
Here, although the postconviction court did not reject the claim as facially insufficient, the attachments to the record do not conclusively refute Ms. Saunders' claim that she was prejudiced by her counsel's failure to present additional alibi witnesses. This testimony came after Ms. Saunders' trial counsel lamented to the court that she was being forced to take this case to trial because of its age and that she feared that "we're looking at a 3.850 in the making" if forced to proceed without an alibi witness. She described her last-minute attention to the alibi defense. The attachments to the postconviction court's order do not refute Ms. Saunders' claim that additional alibi witnesses could have strengthened Barbara's testimony and raised reasonable doubt about whether Ms. Saunders could have been physically present for the narcotics transactions that led to her arrest and conviction. *1006 Given that her entire defense focused on her claim that law enforcement had the wrong person, it is impossible to conclude, as a matter of law, from the attachments to the postconviction court's order, that she was not prejudiced by counsel's failure.
Accordingly, we reverse the order denying postconviction relief on ground three and remand for an evidentiary hearing.
KELLY and CANADY, JJ., Concur.