CANADY, C.J.,
concurring in result.
I would reject the broadly framed presumption that a trial court does not consider inadmissible evidence because it is a presumption fraught with the potential to mislead. In Petion v. State, 4 So.3d 83 (Fla. 4th DCA 2009), we see that potential realized in the holding that “[w]hen a trial judge, sitting as the trier of fact, erroneously admits evidence, the judge is presumed to have disregarded that evidence.” Id. at 87. In so holding, the appellate court imputed to the trial judge a legal understanding concerning the disputed evidence which the trial judge’s ruling of admissibility belies.
To presume that a trial judge disregards evidence which that judge has ruled to be admissible is to presume that the trial judge acts in a way that is inconsistent with her own understanding of the law. The legal ruling of admissibility constitutes a determination that the evidence should be considered by the trier of fact. A judge as trier of fact should be presumed to act in accord with the legal rulings made by the judge.
To determine whether a judge as trier of fact has considered evidence, the first question to ask is thus whether the judge ruled the evidence to be admissible or inadmissible. Our own decision in Groover v. State, 640 So.2d 1077 (Fla.1994), serves to illustrate this point. In Groover, the appellant argued that his death sentence was unreliable because the trial court in sentencing the defendant to death failed to consider nonstatutory mitigation. Id. at 1078. We rejected this contention, stating that “[w]hen a trial judge instructs a jury that it can consider nonstatutory mitigating evidence, ‘[w]e must presume that the judge followed his own instructions to the jury.’ ” Id. (quoting Johnson v. Dugger, 520 So.2d 565, 566 (Fla.1988)). Accordingly, when a trial judge rules evidence to be admissible, i.e., “relevant and ... of such a character ... that the court should receive it,” Black’s Law Dictionary 635 (9th ed.2009), it is nonsensical to presume that the trial court did not consider the evidence it had previously determined to be admissible.
Based on the sensible general presumption that a judge as trier of fact acts in *739 accord with the legal rulings made by the judge, the following two presumptions arise: (1) the judge as trier of fact is presumed to consider evidence she has ruled admissible; and (2) the judge as trier of fact is presumed to not consider evidence she has ruled to be inadmissible. Either presumption may be rebutted by sufficient contrary statements or findings by the trial judge subsequent to the ruling on admissibility.
I agree with Justice Pariente that the decision of the Third District Court of Appeal in J.D. v. State, 553 So.2d 1317 (Fla. 3d DCA 1989), should not be disapproved. Based on its determination that the trial court “admitt[ed] the offending comment into evidence” — a determination on which I express no view — the Third District correctly rejected the State’s argument that “the trial judge certainly knew to disregard the comment and, accordingly, we can rest assured that he has done so.” Id. at 1318-19. The district court correctly recognized that a judge could not be presumed as trier of fact to have disregarded evidence which the judge had determined to be admissible.
In summary, I would quash the decision on review, reject the broadly framed presumption which has led to the Fourth District’s error in this case, and instead recognize the rebuttable presumption that a judge as trier of fact acts in accord with the legal rulings made by the judge.